# EX PARTE IN THE MATTER OF THE UNITED STATES, AS OWNER OF NINETEEN BARGES AND FOUR TOWBOATS, PETITIONER.

## PETITION FOR A WRIT OF PROHIBITION.

No. 23, Original. Argued on return to rule to show cause November 19, 20, 1923.—Decided December 10, 1923.

A suit in the District Court against federal officials involving the plaintiff's rights to personal property under leases from the United States and to an injunction preventing the defendants from taking it from his possession, should not be restrained by a writ of prohibition from this Court, upon the ground that the suit in effect is against the United States, where the questions of property and possession presented are doubtful, and where, if they be erroneously decided, the remedy by appeal from the District Court will be adequate. P. 392.

Rule discharged; petition denied.

APPLICATION by the United States for the writ of prohibition to restrain the District Court from entertaining further jurisdiction over a suit against federal officers, which was alleged to be in effect a suit against the United States and its property.

Mr. Lon O. Hocker, Special Assistant to the Attorney General, with whom Mr. Attorney General Daugherty and Mr. Solicitor General Beck were on the brief, for the United States.

Right to prohibition: Naganab v. Hitchcock, 202 U. S. 473; Smith v. Whitney, 116 U. S. 167; In re Rice, 155 U. S. 396; Ex parte Simons, 247 U. S. 231; Ex parte State of New York, 256 U. S. 490; Ex parte Chicago, R. I. & P. Ry. Co., 255 U. S. 273; Ex parte Peterson, 253 U. S. 300.

The suit in question is against the United States. Louisiana v. McAdoo, 234 U. S. 627; Wells v. Roper, 246 U. S. 335; Hagood v. Southern, 117 U. S. 52; In re Ayers,

123 U. S. 443; *The Siren,* 7 Wall. 152; *Oregon* v. *Hitchcock,* 202 U. S. 60; *Naganab* v. *Hitchcock,* 202 U. S. 473; *Stanley* v. *Schwalby,* 162 U. S. 255; *Carr* v. *United States,* 98 U. S. 433; *Louisiana* v. *Garfield,* 211 U. S. 70; *New Mexico* v. *Lane,* 243 U. S. 52; *Goldberg* v. *Daniels,* 231 U. S. 218; *Belknap* v. *Schild,* 161 U. S. 10. *Philadelphia Co.* v. *Stimson,* 223 U. S. 605, distinguished.

*Mr. Joseph T. Davis* and *Mr. Douglas W. Robert,* with whom *Mr. Charles Claflin Allen* was on the brief, for respondents.

Mr. Justice McKenna delivered the opinion of the Court.

Motion on part of the United States, as asserted owner of nineteen barges and four towboats, praying a writ of prohibition to be directed to the Hon. C. B. Faris, a Judge of the District Court, Eastern Division of the Eastern Judicial District of Missouri, and the other Judges thereof, to prohibit him and them from asserting and exercising jurisdiction in a certain suit brought March 25, 1923, by Edward F. Goltra against John W. Weeks, Secretary of War, and other officers of the United States, in which it was averred that a contract was made between the United States, represented by Major General William M. Black, Chief of Engineers of the United States Army, as lessor, and Goltra, as lessee, whereby the boats and barges, then under construction by the United States, were leased and chartered to Goltra for the period of five years from the date of delivery of the boats and barges to him, Goltra, upon the payment of certain periodical rentals and a compliance by Goltra of other terms and conditions.

The suit by Goltra, the pleadings in which are detailed in the petition, was brought to determine his rights under the contract and a supplement to it.

The contract was preceded by negotiations between Goltra and representatives of the Government, particu-

larly with the War Department and the then Secretary of War, which included among other things the construction of a fleet of towboats and barges in the then emergency of war. But after the signing of the Armistice, when the emergency of war had ceased, other negotiations were had between Goltra and the War Department and the Secretary of War, and a lease was made, the contract above, whereby the boats and barges were leased to Goltra, by him to be operated on the Mississippi River and its tributaries as a common carrier, he to pay all operating expenses, to take out fire and marine insurance, and incur and discharge other obligations.

On May 26, 1921, the supplement to the contract was entered into between Major General Beach, then Chief of Engineers of the United States Army, the successor of Black.

On March 3, 1923, Weeks as Secretary of War undertook to cancel the contract for the non-compliance by Goltra, as lessee, with its terms and conditions, and demanded the return of the boats and barges to the United States, and the defendants on March 25, 1923, unlawfully took possession of some, and were about to take possession of the remainder of them.

There was a prayer by Goltra for a temporary restraining order against such action, or against any action interfering with his possession. There was also a prayer for a temporary injunction against any act whatsoever looking to the cancellation and termination of the lease, or the retention of the boats and barges taken before the attempted cancellation of the contract. The prayer was, that, upon final hearing, a decree be entered in favor of Goltra to determine his rights under the contract and to perpetually enjoin the defendants from interfering in any way with his rights thereunder.

A mandatory order was issued as prayed, and an order to show cause why a temporary injunction should not be issued.

In response to the order to show cause the Attorney General filed suggestions against the jurisdiction of the court, and subsequently the other defendants made returns to the order averring that the suit was, in purpose and effect, one against the United States and its property.

A motion was made in accordance with the representations. It was overruled, and the defendants granted time to plead.

It is alleged in the petition that unless restrained the District Court Judge will proceed with the cause and issue an injunction as prayed by Goltra, and that such order will deprive the United States of the possession and use of boats and barges of the value approximately, of $3,800,000.

Prohibition was prayed as above stated.

The return of Judge Faris to the petition concedes some of its allegations and denies others. It denies the character ascribed to Goltra's suit. It alleges that there is a right of possession of the boats and barges in Goltra, and that while his bill was in course of preparation the defendants in the suit were proceeding with a large force of men to take from him and remove from St. Louis the boats and barges that remained in his possession. And that the suit was not one against the United States but against individual defendants who were proceeding in violation of law. And it is averred that there is an adequate remedy by appeal.

The answer of Goltra to the petition is presented with elaborate detail of fact and argument. In foundation and essence it is the same as that of the District Court. The opinion of the court, which was oral, is attached to it. The opinion cites that of Judge Baker in *United States Harness Co.* v. *Graham*, in the District Court for the Northern District of West Virginia, 288 Fed. 929.

The merits of the case present interesting questions. The question of the remedy is, however, the more insistent. Does the case justify it? Prohibition is a remedy

of exigency and in exclusion of other process of relief. It is directed against unwarranted assumptions of jurisdiction or excesses of it. In some cases there may be instant judgment that such is the situation and the writ granted. In other cases there may be doubt and the writ denied. *Ex parte Muir,* 254 U. S. 522, 534. And doubt in the instant case would seem to be justified, for two District Courts have decided that, under circumstances such as presented in this case, it does not involve or constitute a suit against the United States. And also the writ is to be denied if there be remedy against the action complained of by appeal.

*Ex parte Oklahoma,* 220 U. S. 191, and cases cited, is a complete exposition of the writ and its uses. The opinion in that case observed the distinctions of prior cases, that is, that the writ is a remedy against unwarranted assumptions of jurisdiction and that, besides, the condition of its issue is that the party attacking the jurisdiction has no other remedy. In other words, the writ cannot be made to perform the office of an appeal or writ of error. Are the decisions applicable here?

There was submitted to the court the contracts and their construction and effect—whether under them the United States or its officers retained property in the boats and barges or whether that property was transferred with the right of possession to Goltra. The court so construed them, adjudging Goltra's right to the property and, necessarily, his right to the possession of it, and that he was entitled to an injunction to protect that possession pending the suit. From that decision there was right of review by appeal, and it would be timely and adequate for relief if the decision were erroneous. Judicial Code, § 129; *U. S. Fidelity & Guaranty Co.* v. *Bray,* 225 U. S. 205, 214; *Denver* v. *New York Trust Co.,* 229 U. S. 123, 136; *Ex parte Chicago, Rock Island & Pacific Ry. Co.,* 255 U. S. 273.

*Writ denied.*