Anna Gould et als. *v.* Alban J. Parker, Attorney General, et al.

February Term, 1945.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed May 1, 1945.

*Lindley S. Squires* and *Frank E. Barber* for the petitioners.

*Alban J. Parker* and *Edward G. McClallen, Jr.,* pro se.

Moulton, C. J. This is a petition for a writ of prohibition, brought to this court by Anna Gould and six others, all citizens of Rutland County, whereby it is sought to restrain Alban J. Parker, Attorney General of this State, and Edward G. McClallen, Jr.,

State's Attorney for Rutland County, from preparing and presenting any evidence before a special grand jury called to consider a charge of embezzlement against John G. Keale, of Jersey City, New Jersey; from interfering in any way with the proceedings of that body; and from preparing any indictments to be considered by it. It is alleged that the petitionees, Parker and McClallan, are disqualified and unsuitable to conduct the proceedings. The petitionees have filed a motion to dismiss the petition, and the question raised thereby is whether a writ of prohibition will lie against them.

The events leading up to the bringing of the petition, so far as they may be material for an understanding of the case, are these:— Keale is a co-administrator of the estate of Bridget Wade Coleman, late of Wallingford, in Rutland County, who died on February 20, 1943, at the age of 78, and for some time before her death he had managed her financial affairs, under a power of attorney executed by her. The petitioner Anna Gould filed a claim against her estate and, through her attorney, made a complaint to the petitionees that Keale, during Miss Coleman's lifetime had misappropriated funds belonging to her, to the amount of approximately $6200. Acting upon this information a warrant was issued and Keale was arrested, but upon a preliminary hearing before the Rutland City Court he was discharged for lack of sufficient evidence. A further investigation was made, and the petitionees reached the conclusion that the case against him was not strong enough to warrant a conviction. It appeared that his amended inventory of the estate showed sums of money on deposit in various banks in the City of Rutland held by him as assets of the estate which equaled or exceeded the amount of the alleged misappropriation. The petitioners, however, believing that the money had been replaced in the estate with an understanding between Keale and the petitionees that if restitution should be made no prosecution would be instituted, applied to the County Court to call a special grand jury to examine the charge of embezzlement, and the application was granted. The Attorney General communicated with the Governor of the State, stating that in view of his, and the States Attorney's, connection with the matter, he felt that they were disqualified to proceed with it, and asked for the appointment of special counsel under the provisions of P. L. 382. The Governor was not inclined to grant the

request, and the petitionees agreed and now intend to present the case to the grand jury. The petitioners expressly disclaim any imputation of bad faith on the part of either of the petitionees, but they allege that if the case should be conducted by them the result will be either a failure to find an indictment, or, if found, that it will be subject to a motion to quash because of their disqualification.

■ Prohibition is a prerogative writ and has been known to the common law at least since the reign of Henry II (1154-1189). As pointed out in *Bullard* v. *Thorp,* 66 Vt 599, 600, 30 A 36, 25 LRA 605, 44 Am St Rep 867, forms are given in Glanville (circa 1189). Although the process originated in the conflict of jurisdiction between the royal courts and those of the church (See Pollock and Maitland, History of English Law, 2nd Ed. Vol. 1, p. 129, Vol. 2, p. 199) the forms in Glanville are of writs directed to both lay and ecclesiastical tribunals. Beames' Glanville, Book 2, Chap. 8, and Book 4, Chap. 13, pp. 54, 96. Prohibition is directed against unwarranted assumptions of jurisdiction or excesses of it. *Petition of the United States,* 263 US 389, 393, 44 S Ct 130, 131, 68 L ed 351. It is "an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal properly and technically denominated as such, or to an inferior ministerial tribunal possessing incidental judicial powers and known as a quasi judicial tribunal, or even in extreme cases to a purely ministerial body to cease abusing or usurping judicial functions." *Norton* v. *Emery,* 108 Me 472, 476, 81 A 671, 672. See also, *Leonard* v. *Wilcox,* 101 Vt 195, 203, 142 A 762. P. L. 1338 provides that the Supreme Court of this State shall have jurisdiction to issue writs of prohibition "that shall be necessary to the furtherance of justice and the regular execution of the laws."

■ At common law, therefore, the function of the writ is to restrain the excess or unlawful assumption of judicial power. *Home Ins. Co.* v. *Flint,* 13 Minn 240, 246. As applicable here, the phrase "judicial power" implies the construction of laws and the adjudication of legal rights. *People* v. *Apfelbaum,* 251 Ill 18, 95 NE 995, 997. It is "the authority vested in the judges." 2 Bouvier Law Dict. (Rawles 3rd revision) 1740.

■ Although the Attorney General and the State's Attorneys are often termed "judicial officers" they do not possess the author-

ity to adjudicate legal rights. Their duties, as far as criminal prosecutions are concerned, are to prepare and present the case on behalf of the State to the forum having jurisdiction to decide the issue. P. L. 411 provides that: "The attorney general shall have the general supervision of criminal prosecutions, shall consult with and advise the state's attorneys in matters relating to the duties of their office, and he shall assist them by attending the grand jury in the examination of any cause or in the preparation of indictments and informations, when in his judgment the interests of the state require it." And P. L. 3409, so far as here material, is as follows:—"A state's attorney shall prosecute for offenses committed within his county, and all matters and causes cognizable by the supreme, county and municipal courts in behalf of the state; file informations and prepare bills of indictment. . . ." Neither of those statutes contains a grant, or implication of a grant of judicial power either to the Attorney General or to a State's Attorney. In the performance of the duties prescribed therein they are not acting as a court or as a quasi-judicial tribunal, nor are they usurping judicial power. For this reason a petition for a writ of prohibition has been denied against a County Attorney in *Home Ins. Co.* v. *Flint,* 13 Minn 240, 246; against a City Attorney in *State* v. *Bright,* 224 Mo 514, 123 SW 1057, 135 Am St Rep 552, 565, 20 Ann Cas 955; and against the Attorney General of England in *Ex parte Simon,* 4 Law Times Rep 754, 755. It follows that the writ does not lie against these petitionees, under the common law.

The petitioners contend that the phrase in P. L. 1338, "that shall be necessary to the furtherance of justice and the regular execution of the laws," enlarges the scope of the writ so that it may be issued under the circumstances alleged in the present case. But the statute is not to be interpreted in this way. The language quoted does not affect the function and purpose of the writ. While the remedy is a liberal one, and, in a proper case, not to be applied sparingly (*Bullard* v. *Thorpe,* 66 Vt 599, 601, 30 A 36, 25 LRA 605, 44 Am St Rep 867), it is, nevertheless, a remedy of exigency. *Petition of the United States,* 263 US 389, 392, 393, 44 S Ct 130, 131, 68 L ed 351. Like all other prerogative writs, it is to be used for furtherance of justice and to secure order and regularity in judicial proceedings, and issued only in cases of extreme necessity. *Silliman* v. *Court of Common Pleas,* 126 Ohio

190

St 338, 186 NE 420, 421; *Ex Parte Jones,* 160 SC 63, 158 SE 134, 77 ALR 235, 239; *Bell* v. *First Judicial Dist. Court,* 28 Nev 280, 81 P 875, 1 LRANS 843, 846, 113 Am St Rep 854, 6 Ann Cas 982; 42 Am Jur tit "Prohibition," sec. 6, p. 142. Thus it appears that P. L. 1338 is, in this respect, merely declaratory of the common law. Furthermore, it is an established doctrine of statutory construction that it will be presumed that the Legislature has not intended to overturn long established principles of law unless such intention clearly appears either by express declaration or by necessary implication. *Westinghouse Co.* v. *Barre and Montpelier Traction Co.,* 97 Vt 306, 317, 123 A 201. "The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language." *In re Sargood,* 86 Vt 130, 136, 83 A 718, 721, and cas. cit.; *State* v. *C. V. Ry. Co.,* 81 Vt 459, 461, 71 A 193, 21 LRANS 949. In the absence of an express provision to that effect, the function of a writ of prohibition is not to be extended beyond the limits set by the common law. 42 Am Jur tit "Prohibition," sec. 15, p. 154.

■ This is as far as necessity takes us in the decision of this cause, but a word more concerning the claim that the petitionees are disqualified may not be amiss. Nothing alleged with regard to their past conduct is sufficient to warrant their recusation. A prosecuting officer must be allowed to exercise his discretion in the institution of a criminal proceeding. *State* v. *Lander,* 11 ND 136, 90 NW 564, 568; *Halladay* v. *State Bank,* 66 Mont 111, 212 P 861, 863; *State* v. *Boasberg,* 124 La 289, 50 So 162, 165; *Rex* v. *Phillips,* 3 Burr. 1564, 1565, 97 Eng. Reprint 983, 4 Burr. 2089, 98 Eng. Reprint 90. He is not required to prosecute every complaint made to him and may, in his discretion, take into consideration the fact that restitution has been made in deciding whether a case should be pressed. *Comm.* v. *Dawson,* 3 Pa. Dist. 603-4. In accordance with our well established rule his exercise of discretion must be upheld unless it appears that it has been abused, and such is not the situation here. There is, as we have seen, no claim of bad faith on the part of the petitionees. Their opinion that the evidence was insufficient to justify further proceeding does not prevent them from performing their statutory function in attending the session of the special grand jury called to investigate the charge against Keale. See *State* v. *Boasberg, supra.*

It is not to be supposed that they will be lukewarm in the proceeding, or that they will fail to present all the material evidence that they have or can obtain. The forebodings of the petitioners that an indictment, if obtained, would be subject to a motion to quash because of the disqualification of the petitionees appear to be groundless.

*The petition for a writ of prohibition is dismissed.*