IN RE PETITION OF KEEFE.

(57 A2d 657)

February Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed March 3, 1948.

*John L. Folsom* for the petitioner.

*P. C. Warner* for the petitionee, *pro se.*

BUTTLES, J.   This is a petition for a writ of prohibition restraining the petitionee, as Judge of Franklin Municipal Court, from imposing sentence in a certain criminal prosecution wherein the petitioner has pleaded guilty to charges, in separate counts, of careless and negligent operation of an automobile, and of operating a motor vehicle without a license.   The respondent was not represented by an attorney at the time of his arraignment.   The petition alleges in substance that the petitionee told the petitioner that if he would pay or cause to be paid the sum of seven hundred dollars in satisfaction of damages alleged to have been suffered by one Joseph Mayo the petitioner would be placed on probation, and if he did not do so he would be sentenced to imprisonment in the house of correction.   The petition further charges that the petitionee acted as counsel for the said Mayo and drew or caused to be drawn a prom-

issory note for seven hundred dollars payable to the order of Mayo in specified installments, to be signed by the petitioner and others.

The petitionee answered denying that the said Mayo was present or made any claims to the petitionee at the time of the petitioner's arraignment; denying also that he made the statements attributed to him as to the effect payment or nonpayment of damages would have on the sentence that would be imposed. He admits that he later caused the promissory note referred to by the petitioner to be drawn at Mayo's request for such purposes as Mayo might wish to use it for but denies having knowledge as to who was to sign the note.

■ Prohibition is a prerogative writ which is directed against unwarranted assumption of jurisdiction or excess of it. *Gould* v. *Parker,* 114 Vt 186, 188, 42 A2d 416, 159 ALR 622; *Petition of the United States,* 263 US 389, 393, 44 S Ct 130, 131, 68 L ed 351. It is apparent that here the jurisdiction of the court is not challenged but only the alleged excesses of jurisdiction attempted to be exercised by the petitionee.

The facts were submitted to the Court by an agreed statement of the parties. It is therein stated that Joseph Mayo was not present in court at the time of the petitioner's arraignment and made no claim in respect to any damage to his automobile; at that time the petitioner was inquired of by the petitionee as to whether anything had been done in respect to the damage occasioned to the automobile referred to in the first count of the warrant. When he learned that such damage had not been taken care of the petitionee stated in substance that if the petitioner would make arrangements for settling any such damage such arrangements would be considered by the petitionee with respect to the imposition of sentence. Thereafter the petitioner and Mayo, the owner of the damaged automobile referred to, negotiated between themselves in respect to a settlement and later Mayo informed the petitionee that seven hundred dollars had been agreed upon as the amount of settlement. Mayo inquired as to what kind of a form would be needed to carry out such an agreement, and at his suggestion the petitionee caused to be drawn a promissory note for that amount as alleged in the petition.

It is further stated in the agreed statement that in drawing this note the petitionee received no compensation, demanded no compensation, and had no hope or expectation of receiving any com-

pensation, but caused the note to be drawn solely as an accommodation, and that this act on the part of the petitionee in drawing the said note, and the petitionee's indicating that the settlement of damages would be a factor in imposing sentence are the bases of the petitioner's allegation that the petitionee did act as counsel for Joseph Mayo, and are the bases of the petitioner's claim that the petitionee is biased.

No doubt the petitionee would have acted more discreetly if he had refrained from causing the note to be drawn to be used in settlement of the damage caused by the petitioner's wrong doing, but nothing culpable about his action in this regard is made to appear and nothing showing an assumption of excessive jurisdiction. The same thing may be said regarding the petitionee's inquiry about arrangements for settlement and his statement that such arrangements, if made, would be considered with respect to the imposition of sentence. This was not a case of suspending sentence and granting probation on conditions which included restitution to a person suffering damage, so we need not consider the required limitations of such conditions discussed in *State* v. *Barnet,* 110 Vt 221, 3 A2d 521, and cases there collected. It has been held that in the absence of statutory authorization a criminal court may not sentence an accused to pay damages to his victim, 24 CJS. 1260, Crim. Law § 2007; *Commonwealth* v. *Rouchie,* 135 Pa Super., 594, 7 A2d 102, 108. But here the petitionee did not attempt to sentence the petitioner to pay damages to the victim and no intention of doing so appears. No coercion of the petitioner is shown.

We have recently said that a prosecuting officer is not required to prosecute every complaint that may be made to him and, in his discretion, may take into consideration the fact that restitution has been made in deciding whether a case should be prosecuted. *Gould* v. *Parker,* 114 Vt 186, 190, 42 A2d 416, 159 ALR 622. The analogy to the question here presented is apparent. It is no less proper for the court in determining the severity of the sentence to be imposed to be able, in its discretion, to consider whether arrangements for restitution have or have not been made.

Adequate grounds for granting the petition are not found.

*The petition for a writ of prohibition is dismissed.*