NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 63

No. 23-AP-058

| | |
|---|---|
| Maple Run Unified School District | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Vermont Human Rights Commission | September Term, 2023 |

Robert A. Mello, J.

Adrienne Shea and Sean M. Toohey[1] of Lynn, Lynn, Blackman & Manitsky, P.C., Burlington, for Plaintiff-Appellant.

Charity R. Clark, Attorney General, Sarah E.B. London and Emily Chamberlain Adams, Assistant Attorneys General, Montpelier, for Defendant-Appellee.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **CARROLL, J.** Plaintiff Maple Run Unified School District appeals a trial court order granting defendant Human Rights Commission's motion to dismiss the District's complaint under Vermont Rule of Civil Procedure 75 for lack of subject-matter jurisdiction. We affirm.

I. Background

¶ 2. Plaintiff's suit stems from a complaint of sexual harassment filed by a student in November 2020 with her school in the Maple Run Unified School District. The complaining

---

[1] Aliza Harrigan, Esq. was on the brief filed. Sean M. Toohey, Esq. substituted as counsel for appellant following Attorney Harrigan's withdrawal from the case.

student alleged that she had been sexually assaulted multiple times by responding student while on school grounds and on a school bus. The school initiated an investigation under its Prevention of Hazing, Harassment, and Bullying of Students and Sexual Harassment Policy (HHB) the next day. During its investigation, the school unintentionally disclosed the complaining student's first name to the responding student's mother in a letter requesting an interview with the responding student. The parties dispute whether the responding student's schedule changed during the course of the investigation such that the complaining student and the responding student were not in the same student cohort between early December 2020 through late April 2021. The District closed its investigation in June 2021, 202 days after initiating it.

¶ 3. In November 2021, the complaining student's mother filed a complaint with the Commission. The complaint alleged that the District had engaged in discrimination by failing to comply with the Vermont Public Accommodations Act (VPAA), 9 V.S.A. §§ 4500-4507, the anti-harassment provisions in 16 V.S.A. §§ 570, 570a, 570f, and the school's HHB, the existence of which is mandated by 16 V.S.A. § 570(b). See Washington v. Pierce, 2005 VT 125, ¶ 19, 179 Vt. 318, 895 A.2d 173 ("[T]he VPAA encompasses claims against school officials, as owners and operators of places of public accommodation, as well as their agents and employees, for unlawful in-school harassment of their students, even when the harassing conduct is perpetrated by other students."). The complaint also alleged that: the District violated Title 16's requirement that the investigation conclude in less than five school days by taking 202 days; the District violated the HHB's confidentiality requirements by disclosing the complaining student's name to the responding student's mother; and the District failed to take "immediate steps to alter the [the responding student's] schedule." The Commission reviewed the complaint, determined that it stated a prima facie case of discrimination and retaliation under the VPAA, and began an investigation into the matter.

2

¶ 4. The District answered the complaint by filing a motion with the Commission to dismiss the investigation. The District argued that the complaint failed to state a prima facie case of discrimination under the VPAA because federal regulations promulgated in August 2020 by the U.S. Department of Education pursuant to Title IX preempted Title 16 and the HHB. The District further argued that the complaining student could not exhaust her Title 16 remedies, a requirement under the VPAA to bring a civil action, because federal preemption barred the school from providing the complaining student with any Title 16 remedies. Therefore, according to the District, the VPAA required the Commission to dismiss the investigation because the complaint could not make out a prima facie case of discrimination. See 9 V.S.A. § 4554(b) ("If at any time it is determined that a complaint . . . does not state a prima facie case, it shall be dismissed.").

¶ 5. The Commission denied the District's motion and determined that the complaint stated a prima facie case based on the District's "failures to appropriately address . . . complaints of sexual harassment and bullying and their retaliatory behavior [, which] deprived [the complaining student] of equal access to her education in violation of Vermont law." The Commission concluded that Title IX did not preempt Title 16. It also found that the 2020 regulations provided a savings clause allowing states to address sexual harassment under existing state law so long as it was not less protective than Title IX. In the alternative, even if Title IX did preempt portions of Title 16, the Commission concluded that Title 16 contained language permitting Vermont school districts to comply with both Title IX and Title 16. Accordingly, the Commission determined that it had jurisdiction to pursue the investigation. See 9 V.S.A. § 4554(a) ("If a complaint states a prima facie case, it may be accepted for investigation."). It subsequently declined the District's motion to reconsider, which argued that new proposed rulemaking by the U.S. Department of Education undermined the Commission's earlier conclusions.

¶ 6. The District then filed a Rule 75 petition against the Commission in the civil division, contending that the District was entitled to relief from the investigation via either

3

mandamus or prohibition. The Commission moved to dismiss under Vermont Rule of Civil Procedure 12(b)(1), arguing that there was no cognizable avenue for relief under Rule 75 and the superior court lacked subject-matter jurisdiction to review the petition. The court rejected both grounds for relief asserted by the District. The court concluded that mandamus was not applicable because the Commission's determination about whether a complaint stated a prima facie case of discrimination was discretionary. The court also concluded that prohibition did not apply because the District's requested relief—ordering the Commission to close the investigation—was not one of extreme necessity. Consequently, the court determined that there was no cognizable basis for review under Rule 75 and dismissed the District's complaint. This appeal followed.

¶ 7. The District contends that subject-matter jurisdiction has been established under Rule 75 via either mandamus or prohibition. First, the District points out that complaining student must exhaust her Title 16 remedies to bring a VPAA claim in superior court. It then contends that the complaining student cannot exhaust her Title 16 remedies because Title IX preempts Title 16. The VPAA requires the Commission to dismiss an investigation if it determines at any time that the complaint does not state a prima facie case, which, the District contends, includes demonstrating that the complaining student has exhausted her administrative remedies at the investigation stage. According to the District, therefore, the Commission has no discretion to continue this investigation and must dismiss the complaint, which is a ministerial duty under § 4554(b), and subject to a mandamus order. It argues that by refusing to dismiss the complaint, the Commission is engaging in an extreme abuse of power. In the alternative, the District asserts that the Commission unlawfully assumed jurisdiction over the matter, entitling the District to relief via prohibition.

¶ 8. We hold that the Commission's determination that the complaint states a prima facie case of discrimination under the VPAA is not reviewable under Rule 75 via either mandamus or prohibition. Accordingly, the superior court did not err in dismissing the District's petition.

4

## II. Standard of Review

¶ 9. This Court reviews a dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) "de novo, with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party." Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245, 30 A.3d 1263. Although disfavored, motions to dismiss are appropriate when it is "beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Island Indus., LLC v. Town of Grand Isle, 2021 VT 49, ¶ 20, 215 Vt. 162, 260 A.3d 372 (quotation and alteration omitted).

## III. Analysis

¶ 10. Rule 75 permits judicial review of "[a]ny action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any . . . commission . . . that is not reviewable or appealable under Rule 74 of these rules . . . if such review is otherwise available by law." V.R.C.P. 75. This Court has held that "otherwise available by law" includes review "under the traditional writs for extraordinary relief" including mandamus, prohibition, scire facias, certiorari, and quo warranto. Preston v. Burlington City Ret. Sys., 2013 VT 56, ¶¶ 10, 13, 194 Vt. 147, 76 A.3d 615 (quotation omitted); see State v. Forte, 159 Vt. 550, 553, 624 A.2d 352, 355 (1993) (explaining that extraordinary writs, including mandamus, were abolished and "relief formerly available under these writs is available in a normal civil action for extraordinary relief" under Rule 75). The District asserts that it is entitled to relief in the nature of mandamus or prohibition.

### A. Mandamus

¶ 11. Mandamus is an extraordinary remedy appropriate only when three conditions are met:

> (1) when a party has a clear and certain right to the action sought by the request for [mandamus]; (2) [the request] is for the enforcement of ministerial duties, not those that involve the exercise of an

5

official's judgment or discretion; and (3) there is no other adequate remedy at law.

Island Indus., LLC, 2021 VT 49, ¶ 21 (quotations and alteration omitted). Consequently, "mandamus ordinarily is not available to compel discretionary decisions." Vt. State Emps.' Ass'n, Inc. v. Vt. Crim. Just. Training Council, 167 Vt. 191, 195, 704 A.2d 769, 771 (1997). In rare cases, mandamus may be appropriate to enforce a discretionary decision where a public official or body has engaged in "an arbitrary abuse of . . . power . . . which amounts to a virtual refusal to act or to perform a duty imposed by law." Ahern v. Mackey, 2007 VT 27, ¶ 8, 181 Vt. 599, 925 A.2d 1011 (mem.) (quotation omitted). In each case where we have endorsed mandamus relief due to an arbitrary abuse of power, we have required "that the alleged arbitrary abuse of discretion amount to a practical refusal to perform a certain and clear legal duty." Inman v. Pallito, 2013 VT 94, ¶ 15, 195 Vt. 218, 87 A.3d 449 (quotation omitted). "Our decisions allowing mandamus" where an extreme abuse of power is alleged "are based not on the degree of error, but instead on whether the official actor is exercising discretion at all." Id. ¶ 16.

¶ 12. The District contends that the Commission was required to dismiss the complaint because dismissal for lack of a prima facie case is a ministerial duty imposed by 9 V.S.A. § 4554(b). "A ministerial duty is one regarding which nothing is left to discretion—a simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist." Grout v. Gates, 97 Vt. 434, 450, 124 A. 76, 81 (1924) (quotation omitted). Put differently, "[i]f the duty is one that necessarily involves . . . an exercise of judgment . . . it is not considered ministerial but discretionary." Town of Glover v. Anderson, 120 Vt. 153, 155-56, 134 A.2d 612, 614 (1957).

¶ 13. We look to the Commission's statutory mandate in the VPAA to establish whether it was required to dismiss the complaint. Our primary objective when construing a statute "is to give effect to the intention of the Legislature." Cent. Vt. Hosp., Inc. v. Town of Berlin, 164 Vt. 456, 462, 672 A.2d 474, 478 (1995). In effectuating that intent, "[w]e examine the plain language

6

of the statute, and if this language is clear and unambiguous, we enforce the statute according to its terms." Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 22, 212 Vt. 305, 236 A.3d 1250 (quotations omitted). "[A]s a remedial statute, the [VPAA] must be liberally construed in order to suppress the evil and advance the remedy intended by the Legislature." Dep't of Corr. v. Hum. Rts. Comm'n, 2006 VT 134, ¶ 7, 181 Vt. 225, 917 A.2d 451 (quotations omitted).

¶ 14. The VPAA provides a private statutory right of action of discrimination against public school districts that foster a "hostile school environment . . . based on peer harassment." Washington, 2005 VT 125, ¶ 18 (citing 16 V.S.A. § 11(a)(26)). Section 4554 of Title 9 governs the Commission's treatment of these claims. Section 4554(a) requires that "[e]very complaint shall be reviewed by the staff of the Commission." Following this initial review, "[i]f a complaint states a prima facie case, it may be accepted for investigation" by the Commission. Id. Section 4454(b) provides that "[i]f at any time it is determined that a complaint filed . . . does not state a prima facie case, it shall be dismissed." The District focuses its argument on § 4554(b), contending that the term "shall be dismissed" should control the outcome of this case.

¶ 15. As an initial matter, we agree with the District that "shall be dismissed" in § 4554(b) requires the Commission to dismiss each complaint that it determines does not state a prima facie case of discrimination based on peer-to-peer harassment. However, the decision about whether a prima facie case exists is squarely within the Commission's discretion. Accordingly, dismissal is conditioned on the Commission's discretionary decision, which cannot be reviewed through mandamus.

¶ 16. The Commission's "exercise of professional expertise and discretion" is fundamental to its decisionmaking in this context. Inman, 2013 VT 94, ¶ 17. The Legislature has charged it alone with determining whether a complaint states a prima facie case during the investigation phase, a determination which necessarily involves the application of expert judgment

to a unique set of facts. The Commission's determination is precisely not one in "which nothing is left to discretion," and is therefore not a ministerial duty. Grout, 97 Vt. at 450, 124 A. at 81.

¶ 17. Moreover, as we explained in Inman and reiterated in Island Industrial, LLC, the degree of error alleged is immaterial when exercising discretion.[2] The Commission had no affirmative duty to agree with the District's argument; it merely had an affirmative duty, imposed by § 4554(a), to determine whether the complaint stated a prima facie case before accepting it for investigation. See Island Industrial, LLC, 2021 VT 49, ¶ 38 (holding that selectboard's decision reversing earlier decision conditionally accepting private road as public road was not subject to mandamus because selectboard had no affirmative duty to accept that private road as public road). The Commission met this duty when it exercised its discretion in making the determination. The determination itself and the reasoning supporting it are not reviewable through mandamus. It follows that the Commission has not arbitrarily abused its power to an extent amounting to "a practical refusal to perform a certain and clear legal duty." Inman, 2013 VT 94, ¶ 15 (quotation omitted).

¶ 18. The District cannot challenge the Commission's decisionmaking via mandamus. However, the Legislature recognized that, in some circumstances, the Commission's initial determination might be erroneous and gave the Commission, not any other entity, the power to change prior determinations. Section 4554(b) requires the Commission to dismiss the investigation if "at any time" it finds that the complaint does not state a prima facie case of discrimination. 9 V.S.A. § 4554(b). The Legislature structured § 4554(b) with a built-in remedial process. Although we do not reach the District's preemption argument, even if the Commission erred in its § 4554(b) determination, the statute provides the Commission with the power and discretion to reevaluate a complaint "at any time." We leave it to the sound judgment of the

---

[2] We take no position on the merits of the District's preemption arguments.

Legislature to have provided for such course correction by the Commission and refuse to override the Legislature's intent with judicial review under mandamus.

¶ 19.    The District cannot prevail under our liberal pleading standards on the question of whether the Commission's refusal to dismiss the complaint was either a refusal to perform a ministerial duty or an arbitrary exercise of power.  Accordingly, we do not reach the District's assertions concerning the other elements necessary to establish review via mandamus.  On these facts, mandamus does not create subject-matter jurisdiction to reach the merits of its preemption arguments.

## B.  Prohibition

¶ 20.    The District alternatively argues that Rule 75 review via prohibition is appropriate to stop the investigation from continuing because the Commission has impermissibly assumed jurisdiction.  This argument lacks merit.

¶ 21.    Prohibition was "an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal . . . or to an inferior ministerial tribunal possessing incidental judicial powers and known as a quasi[-]judicial tribunal . . . to cease abusing or usurping judicial functions."  Gould v. Parker, 114 Vt. 186, 188, 42 A.2d 416, 417 (1945) (quotation omitted).  "The phrase judicial power implies the construction of laws and the adjudication of legal rights . . . [i]t is the authority vested in the judges."  Id. at 188, 42 A.2d at 418 (quotations omitted).  Like mandamus, prohibition also requires that no adequate alternative remedy exists.  Emerson v. Hughes, 117 Vt. 270, 285, 90 A.2d 910, 918 (1952) ("Prohibition may be granted in a proper case where the remedy by appeal or writ of error is not plain, speedy, or adequate, as well as where there is no remedy by way of appeal.").  And "[l]ike all other prerogative writs, [prohibition] is to be used for furtherance of justice and to secure order and regularity in judicial proceedings, and issued only in cases of extreme necessity."  Gould, 114 Vt. at 189, 42 A.2d at 418.

¶ 22. The District contends that prohibition is appropriate because the Commission is both an "inferior ministerial tribunal" and possesses "incidental judicial powers." See id. at 188, 42 A.2d at 417. The District argues that the Commission's role in determining whether there are reasonable grounds to believe that the District violated the VPAA is quasi-judicial in nature. See 9 V.S.A. § 4554 (c)-(e). The District points to Town of Springfield v. Newton, 115 Vt. 39, 50 A.2d 605 (1947), to support this proposition. However, this argument misinterprets our decisions concerning quasi-judicial powers.

¶ 23. Our case law demonstrates that a central aspect of a quasi-judicial tribunal is the power to make a binding judgment. In Town of Springfield, we held that prohibition was appropriate to restrain town road commissioners "from enforcing an order made by them requiring the [t]own . . . to make certain designated repairs upon a bridge." 115 Vt. at 41, 50 A.2d at 607. We associated the commissioners' ability to bind the town with a repair order with its quasi-judicial power: "[i]n the proceedings to order repairs upon defective highways and bridges . . . the [commissioners] constitute such an inferior tribunal having certain quasi[-]judicial power." Id. at 43, 50 A.2d at 608. Thus, the ability to impose a binding judgment was crucial to the existence of quasi-judicial power.

¶ 24. By contrast, in Gould v. Parker, we concluded that prohibition was not appropriate to prevent the Vermont Attorney General and a state's attorney "from preparing and presenting any evidence before a special grand jury." 114 Vt. at 187, 42 A.2d at 416. We reasoned that those state officers "d[id] not possess the authority to adjudicate legal rights [and instead] [t]heir duties, as far as criminal prosecutions are concerned, [were] to prepare and present the case on behalf of the State to the forum having jurisdiction to decide the issue." Id. at 189, 42 A.2d at 418. Like Town of Springfield, it was the power, or lack thereof, to impose binding judgments—to adjudicate legal rights—that was crucial to determining whether judicial or quasi-judicial power existed.

¶ 25. The Commission has no power to impose binding judgments on the parties before it, and its investigative function is comparable to those described in Gould. The Legislature gave the Commission the authority to investigate complaints of discrimination and, if it finds "reasonable grounds to believe unlawful discrimination has occurred," make reasonable efforts to eliminate unlawful discrimination through "informal means such as conference, conciliation, and persuasion." 9 V.S.A. § 4554(e). If those informal means are unsuccessful, the Commission "shall either bring an action in Superior Court . . . or dismiss the proceedings." Id. § 4554(e); cf. 3 V.S.A. § 154 (giving attorney general power to employ necessary individuals to engage "[i]n the investigation and preparation for presentation to, or trial before, any court or tribunal"). Absent from these enumerated mandates is the authority to adjudicate legal rights enforceable with binding judgment orders—a power traditionally "vested in the judges." Gould, 114 Vt. at 188, 42 A.2d at 418 (quotation omitted). For example, the Commission cannot impose fines, damages, or attorney's fees and costs, provide injunctive relief to any party, or conduct jury trials.[3] 9 V.S.A. § 4553 (providing that Commission may bring action in superior court seeking such relief on behalf of complainant). The superior court lacked subject-matter jurisdiction under prohibition to review the Commission's determination that this complaint makes out a prima facie case of discrimination because the Commission is not a quasi-judicial tribunal. See Gould, 114 Vt. at 189, 42 A.2d at 418 ("[Prohibition] is to be used for furtherance of justice and to secure order and regularity in judicial proceedings, and issued only in cases of extreme necessity."). We therefore need not reach the District's arguments concerning the unavailability of alternative remedies.

¶ 26. Rule 75, via either mandamus or prohibition, does not confer subject-matter jurisdiction to review the Commission's determination to investigate a complaint of discrimination

---

[3] We acknowledge that investigating claims of discrimination and being the subject of an investigation is neither simple nor inexpensive for the District.

11

based on peer-to-peer harassment under the VPAA.  The District does not identify any other bases for relief under Rule 75; therefore, we affirm the trial court's dismissal of the District's complaint.

Affirmed.

FOR THE COURT:

_____

Associate Justice