Vermont Superior Court
Filed 06/01/26
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-00635

**Grace Peer v. State of Vermont et al**

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss  (Motion: 2)
Filer:       Brendan T. Sage
Filed Date:  April 15, 2026

The motion is GRANTED.

This case arises out of a series of violent crimes that Plaintiff Ms. Grace Peer asserts were perpetrated against her and her daughter (not a party to this case) in 2014. She describes several assailants (one having never been identified), including Brian Postler, who was charged in at least two cases.[1] In the complaint, Ms. Peer describes deep dissatisfaction with how she perceives she was treated proximate to the crimes or the resulting criminal cases by then-Orange County Deputy State's Attorney Dickson Corbett.[2] Named defendants in this case include Mr. Corbett, then-Orange County State's Attorney William Porter, current-Orange County State's Attorney Colin Seaman, current-Vermont Attorney General Charity Clark, and the State of Vermont.[3] Defendants have filed a Rule 12(b)(6) motion to dismiss for failure to state a claim.[4]

1.       *Procedural standard*

The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

---

[1] Mr. Postler was charged with domestic assault in May 2014, and the case was dismissed in January 2015. Mr. Postler was also charged with four violations of conditions of release in June 2014. These were also dismissed in January 2015.

[2] Mr. Corbett later became Orange County State's Attorney and now is a Vermont State Superior Judge.

[3] There are no allegations in the complaint describing any conduct of Mr. Porter or Ms. Clark.

[4] Nominally, Defendants assert that their motion addresses both this court's subject matter jurisdiction, Rule 12(b)(1), and Ms. Peer's failure to state a claim, Rule 12(b)(6). They do not thereafter explain which of their arguments they believe address the court's subject matter jurisdiction. For her part, in her opposition filings, Ms. Peer makes clear that she does not agree with how Defendants have interpreted her claims as asserted in the complaint. That expressed disagreement, however, does little to clarify the nature of her claims. In the current circumstances, the court does not readily perceive a subject matter jurisdiction issue and addresses Defendants' motion under Rule 12(b)(6).

"A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted); see also 5B A. BENJAMIN SPENCER, ET AL., FED. PRAC. & PROC. CIV. § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists."). "The purpose of a motion to dismiss for failure to state a claim is to test the law of a claim, not the facts which support it." *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982) (quotations omitted), overruled on other grounds in *Muzzy v. State*, 155 Vt. 279, (1990).

2.      *Analysis*

Ms. Peer's complaint is predicated largely or exclusively on Vermont's Victim Rights Act, 13 V.S.A. §§ 5301–5322 (chapter 165). In her complaint, she catalogs victim rights under the Act, as she understands them, and asserts—in highly conclusory terms—that Mr. Corbett or others violated those rights proximate to the 2014 crimes and resulting prosecutions. As conclusory statements about the meaning of a statute, the Court is not obligated to accept these assertions at face value. See *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10 (noting that courts are not required to accept "conclusory allegations or legal conclusions masquerading as factual conclusions."). Those "others" do not include Mr. Seaman until 2025, at which time Ms. Peer alleges that she sent him a letter "requesting that his Office . . . facilitate the reporting of Crimes committed against the Plaintiff and Plaintiff's daughter." She alleges that she received no response to the letter.

As relief to her claims, Ms. Peer seeks:

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court ORDER [current] Orange County State's Attorney Colin Seaman to facilitate, in an expedited reasonable manner, the reporting of CRIMES committed against the Plaintiff and the Plaintiffs daughter . . . in 2014 as per Vermont Law, Title 13,

Chapter 165, in all aspects of Sections 5301 thru 5322 . . . and that this ORDER stipulate:

A

1. THAT this reporting take place at the State's Attorney's Office (or the like);
2. THAT Vermont State Police shall be present;
3. THAT the Victim's Advocate shall be present;
4. THAT James Wolcott shall be present;
5. THAT the reporting shall be recorded-audio & video-and transcription-at State's Attorney's Office expense;
6. THAT all forms of the Report shall be provided to the Plaintiff, <u>witnessed and notarized</u>-as per terms of the Letter to Seaman dated 23 September 2025. . . .
7. THAT SA Seaman abide by Title 13 Chapter 165 in all aspects established and articulated in VERMONT LAW. . . .

B

FURTHER, the Plaintiff respectfully requests that this Court ORDER the Office of the State's Attorney in Orange County Vermont to <u>produce</u>, as per 13 vsa 5313 (2) (D) " access by the victim...to records related to the case which are public under the provisions of 1 VSA chapter 5, subchapter 3 (access to public records). . . .:

1. the photographs of Plaintiff's injuries referenced in VSP Trooper Schlesinger's Affidavit dated 5 May 2014 EXH1 QUOTE: "Photographs were taken of Peer's injuries and have been incorporated with this case".

2. the report of Thetford Police Officer Roger's investigation of the assault of Peer by Sweet on January 4 2014 titled 14TF0032 referenced in VSP Trooper Ostrout's Affidavit. . . .

3. the "written sworn statement" of Peer referenced in VSP Trooper Ostrout's Affidavit. . . .

4. the Affidavit of VSP Trooper Ostrout <u>dated, signed, witnessed and notarized</u> by Trooper Ostrout <u>and</u> Notary Public.

5. the <u>name</u> of the VSP <u>detective</u> who, as alleged by State's Attorney Corbett in testimony before the Senate Judiciary Committee on May 4 2023 (YouTube), did

an "investigation" and made a "report" of "the sequence of events of January 2014".

6. proof of such an "investigation".

7. the Detective's "report".

8. and, as per 13 VSA 5303 ( c) . . . : "the State's Attorney....should cooperate in an appropriate manner with victims who seek to enforce their civil rights and remedies, which cooperation may include preserving and producing evidence, documents, and testimony to the victims for use in such efforts" THAT the State's Attorney Seaman cooperate fully and lawfully in the above articulated manner in accordance with the Law at all times.

C

AND any other form of relief or remedy the Court deems necessary, reasonable, or appropriate.

It is inferable from Ms. Peer's request for relief that, while she complains extensively about the alleged lack of historical compliance with the Victim Rights Act by Mr. Corbett and others, what she seeks in this case is (1) an extraordinary order from this Court requiring Mr. Seaman, as the current State's Attorney, and others to convene some kind of meeting at which she will report to them the crimes against her in 2014, and (2) an order from this Court compelling Mr. Seaman's office to produce a list of records that may be in their possession. Ms. Peer requests this relief according to her understanding of what the Victim Rights Act requires.

The court perceives no constitutional, common law, or classic civil rights claims in this case. Ms. Peer is asking the court to enforce certain provisions of the Act, but there is no statutory private right of action in the Act. See 13 V.S.A. §§ 5301–5322. Generally, when there is no statutory right of action, an order compelling governmental compliance with a statutory obligation will be available, if at all, only when relief in the nature of mandamus is appropriate.

A court will only issue a writ of mandamus under the following circumstances "(1) the petitioner must have a clear and certain right to the action sought by the request for a writ; (2) the writ must be for the enforcement of ministerial duties, but not for review of the performance of official acts that involve the exercise of the official's judgment or discretion; and (3) there must

be no other adequate remedy at law." *Petition of Fairchild*, 159 Vt. 125, 130 (1992); see also *State v. Forte*, 159 Vt. 550, 555 (1993) (duty appropriate for mandamus must be "simple and definite") (citation omitted). A duty is ministerial only when "nothing is left to discretion." *Bargman v. Brewer*, 142 Vt. 367, 369 (1983) (citation omitted). In exceptional cases, mandamus may also lie to address an arbitrary abuse of discretion that amounts to a practical refusal to perform a clear legal duty. *Office of the Auditor of Accounts v. Office of the Attorney General*, 2025 VT 36, ¶ 50 (citations omitted).[5]

In all events, mandamus must be predicated on a "clear and certain right to the action sought by the request for a writ." *Skiff v. South Burlington School District*, 2018 VT 117, ¶ 25, 208 Vt. 564 (residents' mandamus claim against school district improperly founded on nonexistent constitutional right); *Wool v. Menard*, 2018 VT 23, ¶ 18, 207 Vt. 25, 34-35 (inmate's mandamus claim about competitive bidding properly predicated on statutory right to telephone services at "lowest reasonable cost"); *Petition of Fairchild*, 159 Vt. at 130 (adjacent landowners' mandamus claim against Town properly predicated on right to enforce relevant judicial decision and Town zoning regulations).

In support of her request for an order mandating a meeting at which she will report the 2014 crimes, Ms. Peer cites the entire Act generally and 13 V.S.A. § 5307 (cooperation) specifically. The latter provides: "State's attorneys, local law enforcement agencies, local social service agencies, and courts shall cooperate to afford victims of crimes the right and services described in this chapter; however, victim advocates shall not delegate to these agencies or to the courts the duties imposed on them under section 5304 of this title."

Nothing in the Act (or § 5307) requires a State's Attorney to convene the sort of meeting that Ms. Peer asks the court to order. She therefore has no "clear and certain right to the action sought by the request for a writ." As to this claim, mandamus is not appropriate on that basis.

In support of her claim for the production of records, Ms. Peer cites Section 5314 (information from law enforcement agency). The relevant provision, cited by her, is as follows:

> (a) Information to all victims. After initial contact between a victim and a law enforcement agency responsible for investigating a crime, the agency shall promptly give in writing to the victim:

---

[5] A petition for mandamus cannot be used to challenge the decision-making process for another branch of government. *Maple Run Unified School District v. Vt. Human Rights Commission*, 2023 VT 63, ¶ 18. Courts are inherently limited in their review and authority to compel other branches to act or not act. See *In re DL*, 164 Vt. 223, 228–29 (1995) (discussing the separation of powers doctrine in the context of an inquest proceeding).

. . .

(2) information concerning the availability of:

. . .

> (D) access by the victim and the defendant to records related to the case which are public under the provisions of 1 V.S.A. chapter 5, subchapter 3 (access to public records).

13 V.S.A. § 5314.

To begin, this provision applies to the "law enforcement agency responsible for investigating a crime." The State's Attorney prosecutes crimes and is not primarily the investigator of crimes. The court seriously doubts that this provision was intended to apply to a State's Attorney and nothing in Ms. Peer's briefing has dispelled those doubts of interpretation and application.

Second, this provision does not command the production of any particular records. Rather, it requires the relevant agency to inform the victim of her right to request access to public records. Section 5317(a) (emphasis added) further provides: "The information required to be furnished to victims under this chapter shall be provided *upon request of the victim* and, unless otherwise specifically provided, may be furnished either orally or in writing." *Id.* (emphasis added). Ms. Peer does not allege that she requested the records she seeks now, that they were publicly available, and that they were in the possession of the agency from which she requested them but not produced.

In any event, even if she had made those allegations, the right to notice that a victim may request public records from a law enforcement agency is not itself a "clear and certain right" as to the production of any particular records. There is no right to relief in the nature of mandamus as to this claim.

If there are records that Ms. Peer seeks, whether from a State's Attorney's Office or a law enforcement agency, she may request those records pursuant to Vermont's Public Records Act, 1 V.S.A. §§ 315–320. If she is dissatisfied with the response, she may appeal to the head of the agency. 1 V.S.A. § 318(c)(1). If she remains dissatisfied, she may seek enforcement in court pursuant to 1 V.S.A. § 319.

These observations are sufficient to warrant dismissal of Ms. Peer's complaint. It is unnecessary to address other bases for dismissal asserted by Defendants.

## **ORDER**

For the foregoing reasons, Defendants' motion to dismiss is **Granted**.

Electronically signed on 6/1/2026 10:25 AM pursuant to V.R.E.F. 9(d)

_____

Daniel P. Richardson
Superior Court Judge