Filed 04/06/26

VERMONT SUPERIOR COURT                                      CIVIL DIVISION
Washington Unit                                            Case No. 25-CV-03222
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



| **Emily Heymann v. Vermont Municipal Employees Retirement System** |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss  (Motion: 1)
Filer:        Peter A. Sterling
Filed Date:   September 26, 2025

The motion is GRANTED.

Plaintiff Emily Heymann, a municipal employee, who is entitled to participate in the Vermont Municipal Employees Retirement System (VMERS), has filed the present Rule 75 appeal against VMERS.  Ms. Heymann seeks review from the Court for two answers that VMERS provided to her concerning her elected retirement program.  VMERS has moved to dismiss the claim on the basis that neither issue triggers the Court's limited authority under Rule 75, and that the Court is, by extension, without jurisdiction to consider the claims.  As illustrated by the analysis below, the Court agrees with VMERS, and the present matter is **Dismissed** pursuant to V.R.C.P. 12(b)(6).

### Standard of Review

To determine whether a complaint survives a motion to dismiss, the court assumes the factual allegations in the complaint are true.  *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 5.  The court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief.  *Id.*; see also *Wool v. Office of Professional Regulation*, 2020 VT 44, ¶ 8.  This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it."  *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)); see also *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982), *overruled on other grounds in Muzzy v. State*, 155 Vt. 279, (1990).

### Legal Anaylsis

The first question in Ms. Heymann's complaint concerns her desire to switch retirement plans from a defined contribution to a defined benefit.  This is normally an election that

1

employees make at the outset of their employment and cannot, by VMERS policy, subsequently be changed.[1]  On March 25, 2025, Ms. Heymann wrote to VMERS requesting the ability to change her plan from a Defined Contribution to a Defined Benefit Plan.  She repeated this request in an April 15, 2025 letter.  VMERS responded on July 2, 2025 with a denial.  Ms. Heymann seek Rule 75 review of this denial under a theory of either mandamus or certiorari.

An action filed under V.R.C.P. 75 seeks "extraordinary relief" and must comply with the Rule's "narrow and exacting standards."  *Ahern v. Mackey*, 2007 VT 27, ¶¶ 7–8 (mem.); see also *Vermont State Employees' Ass'n, Inc. v. Vermont Criminal Justice Training Council*, 167 Vt. 191, 195 (1997) (noting that the trial court had "only a very limited standard of review to determine whether there had been a clear and arbitrary abuse of authority" in the State's discretionary decision).

"The purpose of mandamus is generally to require a public official or body to perform a simple ministerial duty imposed by law," but it may include review of discretionary duties "[w]here there appears, in some form, an arbitrary abuse of the power vested by law in an administrative office . . . which amounts to a virtual refusal to act or to perform a duty imposed by law."  *Ahern*, 2007 VT 27, at ¶ 8 (quoting *Sagar v. Warren Selectboard*, 170 Vt. 167, 171 (1999)).  "Mandamus takes an official by the coat lapel and orders him to do what, up to that moment, he has felt he had no right to do and was under no compulsion to do."  *Rutland Cable T. v. v. City of Rutland*, 121 Vt. 399, 402 (1960).

In contrast, "[t]he purpose of certiorari is to review judicial or quasi-judicial action of a lower court or tribunal in regard "to substantial questions of law affecting the merits or the case."  *Ahern*, 2007 VT 27, at ¶ 8 (quoting *Richards v. Town of Norwich*, 169 Vt. 44, 48 (1999)).

In this case, the Court finds no basis for a certiorari review.  The parties were not engaged in a judicial or quasi-judicial process.  Ms. Heymann asked VMERS to allow her to change her retirement plan, and VMERS said no because it did not believe that it had the authority.  There is no claim that VMERS was obligated to have considered evidence, provided

---

[1] Ms. Heymann contends in her complaint that there is a wrinkle in this policy in that a municipal employee can leave one municipal employment, carry over her retirement, and in the course of starting a new municipal employment, make a fresh election between plans.  While Ms. Heymann's statement does not cite to a particular rule or policy, the Court will presume this wrinkle is true for the purposes of the present analysis.  *Richards v. Town of Norwich*, 169 Vt. 44 (1999) (noting that a court must assume all factual allegations contained in a complaint are true for the purpose of reviewing a motion to dismiss).

due process, or performed any of the other hallmarks of a judicial-type process. Ms. Heymann made what can be characterized as an administrative request, and her attempt to re-cast it otherwise are unavailing. See, e.g., *Richards*, 169 Vt. at 47 (detailing a quasi-judicial zoning process that qualified because it called for evidence, allowed counsel, and resulted in a considered decision).[2]

This leaves the Court with the question of whether Plaintiff is entitled to mandamus review of her request and VMERS subsequent denial. In its motion to dismiss, VMERS points to the lack of a "certain and clear legal duty" that would require VMERS to grant Ms. Heymann's request. *Maple Run Unified School District v. Vermont Human Rights Commission*, 2023 VT 63, ¶ 11.

Ms. Heymann contends that VMERS denial of her request was summary and never examined or determined VMERS' authority or the Board's willingness to entertain her request. This framework, however, put the onus on VMERS when it properly belongs on Ms. Heymann. In her complaint and her briefing, Ms. Heymann has brought up two points that she contends are inconsistent with VMERS' position that it lacks authority. The first is that individuals who leave municipal employment and return to municipal employment can make a new retirement plan election at the time of re-hire, even though they are carrying over their prior retirement accounts. The second is that the Vermont legislature previous granted a one-time switch for employees. Ms. Heymann's larger contention, that VMERS has the discretionary authority to consider such requests, does not logically follow from these examples cited. Since one involves a new hire (of an old employee) and the second, a legislative mandate, they are distinguishable from her present request that effectively seeks VMERS to make a change because Ms. Heymann, midway through her employment wants it. In neither her briefing, nor her complaint, does Ms. Heymann state the clear and certain legal right that entitles her to this switch. Without this clear and certain right to

---

[2] The case cited in Plaintif's opposition brief seeking certiorari review are consistent with this conclusion. In each case, the issue under review is a quasi-judicial proceeding involving evidence, contested proceedings, counsel, and due process. *Hallsmith v. City of Montpelier*, Dckt. No. 32-1-14 Wncv, 2014 WL 5795262 at *3 (Aug. 20, 2014) (Toor, J.) *aff'd* 2015 VT 83 (reviewing due process considerations in a for cause public employment termination proceeding); *Gilmore Rd. LLC v. Town of Plymouth*, Dckt. No. 563-8-08 Wrcv, 2009 WL 6557346, at *1 (Jan. 9, 2009) (Eaton, J.) ("The court concludes, however, that selectboards act in a quasi-judicial capacity when they grant or deny an individual property owner's application for a driveway access permit.").

the action sought, there is no basis for Rule 75 relief. *Maple Run Unified School District*, 2023 VT 63, at ¶ 11.

Ms. Heymann attempts to elide this problem by arguing that her request and her current appeal is not necessarily for a different outcome but simply for VMERS' board to consider her request, determine its authority, and vote on it, which it never did. *See Rose v. Touchette*, 2021 VT 77, ¶¶ 15–17 (granting Rule 75 review for an inmate challenges a disciplinary process, not necessarily the outcome). Yet, this re-framing does not remove the obligation to identify a clear and certain legal right or authority for the sought action. Even if the challenge is simply whether the government entity should review the request, Rule 75 review begins by identifying the statutory obligation or right compelling the government agency to act. *See Maple Run Unified School District*, 2023 VT 63, at ¶ 17 (noting that the school's obligation, as defined by statute, was only to determine whether a complaint made a prima facie case).

In this case, Plaintiff has not identified the legal basis for why VMERS should have acted on her request. She has made the argument that they could have acted, but for mandamus review, there must be a basis compelling the officer or agency to take the action sought, even if the action is simply to review and act on an application.

Without a legal basis for the sought review and vote, there is no mandamus relief available as Plaintiff has not identified the basis for compelling VMERS or its board to consider her request in some particular manner.

For these reasons, VMERS' Motion to Dismiss is **Granted** for Count I of Plaintiff Heymann's complaint.

This brings the Court to Plaintiff's second question that seeks to compel VMERS to engage in rulemaking under the Vermont Administrative Procedures Act, 3 V.S.A. § 806. Under this statute a person may submit a written request to an agency to adopt a procedural or rule, and within 30 days, the Agency must either initiate rulemaking or deny the request giving its reasons in writing. 3 V.S.A. § 806. In this case, that is precisely what happened. Ms. Heymann requested VMERS to engage in rulemaking, and VMERS said no because VMERS does not believe that its authority permits it to sanction the switching of retirement plans over the course of any employee's tenure.

Ms. Heymann's complaint expresses dissatisfaction with this response and a belief that it is wrong, but neither Section 806, nor the other provisions of the Vermont Administrative Procedures Act give her the right to appeal or to compel VMERS to reconsider her request.

Instead, Ms. Heymann's only claim under this section would be a separate Rule 75 appeal for mandamus, but the only right established under Section 806 is the right to have a request either granted or denied in writing. In this respect, Ms. Heymann is not entitled to like or agree with VMERS' denial, but in providing the written denial, VMERS has fulfilled its obligation. *See Off. of Auditor of Accts. v. Off. of Att'y Gen.*, 2025 VT 36, ¶ 58 (affirming dismissal for failure to state a mandamus claim where plaintiff received but disagreed with the style and substance of a statutorily mandated opinion). As such, there is nothing to review or compel.

For this reason, Defendant's Motion to Dismiss on Count II is **Granted.**

## ORDER

Based on the foregoing, VMERS' Motion to Dismiss is **Granted** as to both Counts, and Plaintiff Heymann's complaint is **Dismissed** pursuant to V.R.C.P. 12(b)(6) for a failure to state a claim under either count.

Electronically signed on 4/6/2026 11:06 AM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge