BENJAMIN M. PIERCE *v.* RANSLEY HARRINGTON AND LUCINDA C. HARRINGTON.

[In Chancery.]

*Marriage a Consideration for a Deed.*

Marriage is a valuable consideration for a deed; and a deed executed for such consideration will not be set aside in behalf of existing creditors, unless it appears that both parties to the deed intended by the conveyance to delay the creditors of the grantor, or at least unless the grantee knew that the grantor so intended.

BILL IN CHANCERY. Heard on the pleadings and testimony, September Term, 1885, WALKER, Chancellor. Bill dismissed.

The bill alleged, that the orator commenced a suit against said defendant Ransley at March Term, 1883, and at the March Term, 1884, recovered judgment; that the writ was served by attaching certain real estate in Jamaica, "consisting of the 'Allen lot,' so called, the 'Col. Cobb house,' so called, and a certain saw-mill"; "that said Lucinda C. makes her pretenses and claims of title by virtue of a certain deed of conveyance, made and executed to her by said

Ransley, previous to her marriage with him, dated May 15, 1882, acknowledged June 2, 1882, by which said Ransley conveyed to her by the name of Lucinda C. Whitman;" "that he has been informed and believes that no consideration actually passed from said Lucinda C. to said Ransley for said conveyance, but that the same was a voluntary conveyance and fraudulent as to said Ransley's creditors."

The prayer was that it be decreed that the defendants convey said real estate to the orator.

It was alleged in the joint and several answer of defendants, that the "conveyance was not made for the purpose of putting said property beyond the reach of the said Ransley's creditors," but "that said Ransley in consideration of the promise and agreement of the defendant, Lucinda C., to marry him, did on the 15th of May, 1882, convey to Lucinda C. Whitman, the parcels of land inherited, as aforesaid, which deed was recorded June 2, 1882, and afterwards on the 9th of July, 1882, in pursuance to said agreement and contract, the defendants were married."

*E. L. Waterman,* for the orator.

Agreements to marry are mutual, and as such, one is a consideration for the other, and binding upon both parties. In that sense they may be considered as constituting a "valuable" consideration as between the parties. But in this case it is attempted to add to the mutual character of such agreements another element—an additional consideration as to one party. This element of bargain and sale is all right as between them but cannot stand when affecting the rights of creditors. 1 Mad. Ch. Pr. 273.

A conveyance made in consideration of an agreement by the grantee to support the grantor through life, is void as to creditors who are thereby deprived of means of securing their debts. *Crane* v. *Stickles,* 15 Vt. 252; *Jones* v. *Spear,* 21 Vt. 426; *Church* v. *Chapin,* 35 Vt. 223.

No actual fraudulent intention need be shown. The law

presumes fraud as to existing creditors. *McLane* v. *Johnson*, 43 Vt. 48; 1 Story Eq. ss. 356, 363; 1 Am. Lead. Cas. 40; *Carpenter* v. *McClure*, 39 Vt. 9; *Reade* v. *Livingston*, 3 Johns. Ch. 500; R. L. ss. 4155-57; *Cobb* v. *Cowdery*, 40 Vt. 25; *Piper* v. *Kingsbury*, 48 Vt. 480.

*Haskins & Stoddard*, for the defendants.

Marriage is regarded as one of the strongest considerations in the law, either to raise a use, or to found a contract, gift, or grant. 3 Add. Con. (Morgan's ed.) 457; 2 Story Eq. 1370; *Albee* v. *Cole*. 39 Vt. 319; *Child* v. *Pearl*, 43 Vt. 224; *Nat. Ex. Bank* v. *Watson*, 13 R. I. cited in Am. Law Reg. vol. 20, 624; *Miller* v. *Goodwin*, 8 Gray, 542; *Baldwin* v. *Carter*, 17 Conn. 201; *Campion* v. *Cotton*, 17 Ves. 263; *Magniac* v. *Thompson*, 7 Pet. 348; (Curtis Decis. vol. 10, 513; *Daygert* v. *Remerschnider*, 32 N. Y. 629; *Starkey* v. *Kelley*, 50 N. Y. 676.

The opinion of the court was delivered by

TAFT, J. The deed of the real estate in question was made in consideration of marriage. Marriage is enumerated—2 Bl. Com. 297—as a *valuable* consideration for a deed, and one "which the law esteems an equivalent given for the grant, and is therefore founded in motives of justice." The deed having been made upon a valuable consideration, was it void as to the then existing creditors of the defendant Ransley? The rule in this respect is laid down in *Leach* v. *Francis et al.* 41 Vt. 670, as follows: "The law is perfectly well settled in this State, that to render the sale of property void as to creditors, both the vendor and vendee must participate in the intent to delay the creditors of the vendor, at least to the extent of the vendee's having knowledge of such intent on the part of the vendor." There is nothing in the cause to show that Lucinda C. had any such intent, or any knowledge of a like one on the part of said Ransley.

The decree dismissing the bill was correct; the same is affirmed and the cause remanded.