B. E. BULLARD *v.* CHESTER BROWN and BETSEY L. BROWN.

October Term, 1901.

Present: TAFT, C. J., ROWELL, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed March 8, 1902.

*Surety—Recovery from principal before payment—Reformation of judgment.*

A surety for costs is not entitled to recover from the principal the amount of his liability until he has paid it.

A judgment will not be corrected in a proceeding to perfect a lien obtained under the judgment.

APPEAL, in chancery. Heard on master's report and orator's exceptions thereto, at the June Term, 1901, *Tyler*, Chancellor, presiding. Exceptions overruled and bill dismissed. The orator appealed.

*B. E. Bullard*, pro se.

The justice had full authority to allow the *ad damnum* in the suit at law to be raised. V. S. 1148; *Harris* v. *Belden*, 48 Vt. 478; *Whitney* v. *Sears*, 16 Vt. 587; Ency. Pl. & Pr. 586.

If raising the *ad damnum* was an irregularity, the court of chancery should correct the judgment. *Stevens* v. *Fisher*, 30 Vt. 200; *Collins* v. *Merriam*, 31 Vt. 622; *Hamilton* v. *Wilder*, 31 Vt. 695; *Porter* v. *Gile*, 47 Vt. 620.

Parol evidence of an ante-nuptial contract should have been excluded by the master. The statute of frauds requires it to be in writing. *Read* v. *Livingston*, 8 Am. Dec. 520; 8 Ency. Law 684; *McNulty* v. *McNulty*, 120 Ill. 26; *Carter* v. *Smith*, 82 Ala. 334; *Albert* v. *Winn*, 5 Md. 66; Schouler on Dom. Rel. 265.

Subsequent marriage is not a part performance taking the case out of the statute. 2 Story Eq. § 768; *Peek v. Peek*, (Cal.) 1 L. R. A. 185.

*M. Montgomery* for the defendants.

The statute of frauds only prohibits the bringing of actions to enforce certain parol contracts. The validity of such contracts is not affected. Such contracts can be proven for any purpose except enforcing them. 3 Parsons on Contracts, 56; *Shaw* v. *Shaw*, 6 Vt. 69; *Philbrook* v. *Belknap, Id.* 383; *Stone* v. *Dennison*, 13 Pick. 1; Brown on Frauds, 115, 116, 135.

The statute can only be interposed by the parties to such parol contract or their privies. *Dock Co.* v. *Kinzie*, 49 Ill. 289; 3 Parsons on Contracts, 58.

If a writing is necessary the answer of defendants is sufficient. *Cahill* v. *Bigelow,* 18 Pick. 369; Chitty on Contracts, 306.

Such parol contract is good against the husband's creditors. *Dundas* v. *Dutens,* 1 Ves. Jr. 96; *Satterthwaite* v. *Emly,* 3 Green's Ch. (N. J.) 489; *Miller* v. *Goodwin,* 8 Gray, 542; *Baldwin* v. *Carter,* 17 Conn. 201; *West* v. *Howard,* 20 Conn. 581; *Loyd* v. *Fulton,* 91 U. S. 479.

Betsey Brown was not a party or privy to the judgment at law and is not bound by it, *Corey* v. *Morrill,* 71 Vt. 51; *Gerrish* v. *Bragg,* 55 Vt. 329; *Nason* v. *Blaisdell,* 12 Vt. 165.

The contract has been partly performed by Betsey and she cannot be restored to her former condition. Her property should not be taken to pay her husband's debts. *Pierce* v. *Harrington,* 58 Vt. 649; *Leach* v. *Francis,* 41 Vt. 670; *Albee* v. *Cole,* 39 Vt. 319; *Child* v. *Pearl,* 43 Vt. 224; *Magniac* v. *Thompson,* 7 Pet. 348.

STAFFORD, J.    The defendant, Chester Brown, finding himself at the age of eighty-one years, alone in the world and in need of some one to keep his house and take care of him, told the defendant Betsey, a maiden lady of sixty-two years, that if she would be his wife he would give her everything he had, including his home place worth about $1,200; that there was a mortgage on it for $225, and that that was all he owed. All of which was strictly true, except that he owed the orator, a lawyer, for services in a chancery suit then on the docket, some $38, and that the orator was surety for costs in his behalf in the same case.    So she took him at his word, and they were married.    Some months later the orator sent him his bill; and in a few days Chester deeded the place to Betsey, and turned over to her every dollar of his personal property, just as he had promised.    Then when the orator, meeting him, asked him for his pay, he told him he didn't know as he owed

him anything; that he had got his property in such shape that nothing could be collected of him, and he shouldn't pay. So the orator sued him before a justice of the peace, demanding fifty dollars. When the suit was begun the case in chancery was still pending, but when the trial day came that case had been disposed of, and the orator had found himself liable to pay costs for his client to the amount of $20.20. Chester defaulted at the justice hearing, through failing to find the right door in the hall-way, and the orator got leave to raise the *ad damnum* to $65, and then took judgment for his bill for services, with interest, and for the $20.20 which he was liable to pay as costs, but which he had not paid, and has not yet, although he has always stood ready to do so when required, making his judgment in all $60.01, besides costs. When he brought suit he had the place in question attached as Chester's property. He has now taken out execution and levied upon it, and brings this bill, under V. S. 1848, to have the conveyance to Betsey declared void and the property held to satisfy his claim, on the ground that that conveyance was in fraud of his rights.

The orator objected to all parol testimony tending to show an ante-nuptial agreement as ruled out by the statute of frauds, and the facts were found solely upon such oral testimony. His position here is that, the promise Chester made to Betsey before marriage being one that she could not have enforced by reason of the statute, his conveyance to her after marriage, made in pursuance of that promise, was a purely voluntary conveyance (*Lloyd* v. *Fulton,* 1 Otto 479, 23 L. Ed. 363; Chancellor Kent's opinion in *Reade* v. *Livingston,* 3 Johns. Ch. 481, 8 Am. Dec. 520; *Carter* v. *Smith,* 82 Ala. 334, 60 Am. R. 738, 740; *Deihon* v. *Wood,* 148 Mass. 132, 1 L. R. A. 518, and note; and numerous cases stated in Am. Digest, Century Ed. Vol. 23, columns 1839-1845), and being

a voluntary conveyance, was not good as against the orator, no property being left and no provision made to pay him, (*Corey* v. *Morrill,* 71 Vt. 51, 42 Atl. 976) although if the conveyance had been made to her before marriage it might have stood, inasmuch as she acted in good faith. *Pierce* v. *Harrington,* 58 Vt. 649, 7 Atl. 462. But we will not decide this point, for if we should go with the orator as far as he asks upon that line, we should not be at the end of the case. We must still meet the question, whether the orator is entitled to enforce his judgment as it is made up.

He objected to all evidence tending to impeach his judgment, and filed exceptions to the report on the ground of such admission; but in this court he has made no objection of that sort, and we treat the case, as he has in his brief, upon the facts found by the master. It comes to this: that, even if he had a right to raise his *ad damnum* in the circumstances, he had no right to take judgment for the costs in the chancery suit, which he had never paid; and a court of equity will not aid him in enforcing such a judgment.

Neither can this court correct that judgment at his request in this proceeding. If that could be done at all, this bill is not brought for such a purpose, but to perfect a lien under the existing judgment, and it is too late for him thus to retrace his steps.

*Decree affirmed and cause remanded.*