# Mt. Mansfield Television, Inc. v. Thomas A. Farrell

[ 223 A.2d 477 ]

June Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 4, 1966

*A. Pearley Feen* for plaintiff.

*Yandell and Page* for defendant.

**Holden, C.J.** This action in contract centers on a construction and lease agreement signed by the parties on October 4, 1957. Prior to that date the plaintiff engaged the architectural firm of Freeman French Freeman to prepare plans and specifications for a building suitable for the plaintiff's radio and television enterprise. The architect's compensation was fixed at six per cent of the total construction cost of the proposed building.

By this agreement the defendant agreed to construct a building, on his land, to the plans and specifications prepared by Freeman French Freeman and lease the property to the plaintiff for a term of twenty years. The specific provisions of the contract in controversy provide:

"The total cost of construction, including materials and labor and all other necessary and incidental expenses, but excluding the fees of architects heretofore incurred and paid by TENANT (Plaintiff), shall be borne by LANDLORD (Defendant). Architects hired by TENANT shall be permitted to inspect the construction as it progresses in order to establish compliance and conformity with the plans and specifications."

The architectural fees incurred and paid by the plaintiff before this agreement was executed were in the amount of $5,046.43. This fee was computed on an estimated construction cost of $130,000, with total architectural services of $7,800. The payment of $5,046.43 was calculated on a formula adopted by the plaintiff and its architect for compensation prior to construction.

After the contract between the plaintiff and the defendant was signed, the plaintiff instructed the architect to send future billings for his professional services to the defendant. Acting on these instructions, the architect billed the defendant for services incurred for field inspections—231.5 hours, shop drawings—48 hours and project administration—63.5 hours, during the period from December 1957 through March 1959. The total charge for these services was $2,753.57.

The defendant did not request these statements of account and has refused to pay them. The architect has since been paid by the plaintiff. This action was brought to recover the amount thus paid.

It was conceded that the architect properly performed the services for which the plaintiff seeks recovery. And the building was constructed in accordance with the architect's design and specifications. The defendant had no specific agreement nor direct undertaking with Freeman French Freeman, nor did he engage any other architect.

The defendant accomplished the construction as the general contractor and dealt directly with the various subcontractors. However he employed the Jones Construction Company to supervise and coordinate the construction and agreed to compensate that company in the amount of $4,000 for these services.

On these facts the trial court, sitting without a jury, adjudged the defendant liable in the amount of $2,753.57. The defendant appeals.

Granting that the services performed by Freeman French Freeman were "necessary and incidental expenses" to the construction, the

defendant disclaims liability on the contention that the plaintiff had no right to obligate him for services which the defendant did not request. He maintains he derived no benefit from the field inspections ordered by the plaintiff and challenges all of the recovery except $385 for the architect's review of shop drawings.

The plaintiff's authority to obligate the defendant resides in the contract. This was the interpretation adopted by the trial court and is well founded on the language of the agreement.

In committing their respective undertakings to writing, it is clear the parties were mindful of the question of architect's fees. They referred to the subject by "excluding the fees of architects heretofore incurred and paid by the Tenant." They agreed "all other necessary and incidental expenses—shall be borne by the Landlord."

■ The clause which specifically excludes the defendant from any obligation for architect's services previously performed and paid for by the tenant, conveys the understanding that future expenses for this service, that are reasonable and necessary to complete the project, are to be paid for by the defendant. This is consistent with the established rule of construction that the express mention of one thing conveys a contrary purpose as to other related items to which no reference is made. *Gifford* v. *Rutland Savings Bank,* 63 Vt. 108, 112, 21 Atl. 340. See also 17 Am. Jur. 2d, Contracts §255.

■ The application of the rule depends upon the intention of the parties as it may be discovered from the full text of the contract and the nature of the transaction involved. *Gifford* v. *Rutland Savings Bank, supra,* 63 Vt. at 112; *Hamlen* v. *Rednalloh Co.,* 291 Mass. 119, 197 N.E. 149, 99 A.L.R. 1230, 1234. In this instance the language is sufficient to justify an understanding by the plaintiff that those architectural services which were necessary to complete the construction would be satisfied by the defendant. After the work has been completed, the defendant will not be permitted to give the language a different operation because of some undisclosed mental reservation entertained at the time of signing. *Right Printing Co.* v. *Stevens,* 107 Vt. 359, 365, 179 Atl. 209; *Norton & Lamphere* v. *Blow & Cote,* 123 Vt. 130, 135, 183 A.2d 230; *Bachli* v. *Holt,* 124 Vt. 159, 164, 200 A.2d 263.

Beyond that, we are not inclined to accept the defendant's argument that the field inspections, performed by the designer of the con-

struction, were not beneficial to the lessor. The leasing agreement required the defendant to build according to the plans and specifications prepared by the lessor's architect. The building was of special construction for a technical purpose. It was in the interest of all concerned that the architect's approval be achieved through field inspections as the work progressed. The parties recognized the mutual advantage of inspection by the architect, concurrent with the construction and provided for this procedure in the contract.

The architect's services were necessary and incidental to both the construction of the building and to the leasing of it. Since they were incurred and paid by the plaintiff after the contract was signed, the trial court correctly held defendant liable for this expense.

*Judgment affirmed.*