## State of Vermont v. Beverly and Lloyd Severance

[554 A.2d 684]

No. 87-387

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed December 23, 1988

Jeffrey L. Amestoy, Attorney General, and Denise R. Johnson and Seth A. Steinzor, Assistant Attorneys General, Montpelier, for Plaintiff-Appellant.

Guarino & Terino, White River Junction, for Defendants-Appellees.

**Morse, J.** The State of Vermont appeals the dismissal of its complaint, which alleges that defendants, Beverly and Lloyd Severance, refused to rent premises to persons living with a minor child in violation of 9 V.S.A. § 4503(a).[1] We reverse and remand.

The State claims that on or about July 30, 1987, Lloyd Severance refused to rent an apartment located in Bridgewater, Vermont, to Fran Hicks because she had a minor child. No statutory exemptions under 9 V.S.A. § 4504 were applicable. The State requested a temporary restraining order, a preliminary injunction, and a permanent injunction requiring defendants to rent the apartment to Ms. Hicks. In addition, the State requested a permanent injunction restraining defendants from refusing to rent apartments to *any* person with a minor child and an award of $10,000 in compensatory and punitive damages for Ms. Hicks.

At the hearing on the preliminary injunction, Ms. Hicks indicated she no longer wanted to rent the Severance apartment because she felt threatened and would no longer feel comfortable there, whereupon defendants moved to dismiss the claim for injunctive relief. The State agreed to a dismissal of the claim insofar as Ms. Hicks was concerned, but the court went further and dismissed the entire action, including the State's request that defendants be enjoined from refusing to rent to others with minor children and the claim for compensatory and punitive damages. The court reasoned that it would be speculative to presume defendants' noncompliance with the antidiscrimination statute in the future absent an injunction. As for damages, the court stated

---

[1] Section 4503(a) states in relevant part:
> It shall be unlawful for any person . . . [t]o refuse to . . . rent . . . a dwelling . . . to any person . . . because a person intends to occupy a dwelling with one or more minor children . . . .

that Ms. Hicks could bring an action in her own name, and the State could bring a criminal charge.[2]

■ We conclude the trial court acted prematurely in dismissing the complaint. While the State's request for injunctive relief permanently forbidding defendants from refusing to rent to any person with a minor child may not be appropriate in this case, see *Vermont Division of State Buildings* v. *Town of Castleton Board of Adjustment,* 138 Vt. 250, 256-57, 415 A.2d 188, 193 (1980), it is too early to tell. The hearing on a permanent injunction was not held. An affidavit submitted by an investigator in the attorney general's office indicated that Lloyd Severance was so adamant about not renting to people with minor children that he would sell the apartment if forced on the issue. If the State could persuade the court that defendants would defy the law in the future, a permanent injuction might be in order. On this record, it was improper to foreclose further proceedings on that issue.

■ We also conclude that Ms. Hicks need not bring a separate action to recover damages. At the time of the suit, the enabling statute read:

> A person aggrieved by a violation of this chapter or the attorney general on behalf of such a person may bring an action for injunctive relief and compensatory and punitive damages in the superior court of the county in which the violation is alleged to have occurred.

9 V.S.A. § 4506(a) (amended in 1988 to substitute "human rights commission" for "attorney general"). It is not fatal to Ms. Hicks's claim that she is not the named plaintiff. Even though the statute permitted the attorney general to prosecute a claim for damages on behalf of Ms. Hicks, the styling of the complaint's caption is acceptable.[3] The complaint is unambiguous — it expressly requests an award of damages to Ms. Hicks — and this is precisely what is contemplated by the statute.[4]

---

[2] See 9 V.S.A. § 4507: "A person who violates a provision of this chapter shall be fined not more than $1,000.00." The State had not alleged any criminal violation in its complaint.

[3] The attorney general ordinarily brings an action in the name of the state. See, e.g., 9 V.S.A. § 2458 (consumer fraud).

[4] We decline to reach the import of § 4506(a) when a named victim of alleged discrimination is unavailable. This might be occasioned when, for instance, a landlord advertises that persons with minor children are not eligible to rent.

We cannot assess the nature and scope of the damage issues on the present record. All that need be said here is that the State should have been permitted to present its evidence.

*Reversed and remanded for further proceedings.*

