NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 71

No. 23-AP-394

| | |
|---|---|
| Vermont Human Rights Commission | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Town of St. Johnsbury | September Term, 2024 |

Timothy B. Tomasi, J.

Mitchell J. Rotbert, Senior Counsel, Vermont Human Rights Commission, Montpelier, for
  Plaintiff-Appellant.

John H. Klesch of Stitzel, Page & Fletcher, P.C., Burlington, for Defendant-Appellee.


PRESENT: Reiber, C.J., Eaton, Cohen and Waples, JJ., and Johnson, J. (Ret.),
            Specially Assigned


¶ 1.    **REIBER, C.J.**   The Vermont Human Rights Commission appeals from the Civil Division's dismissal of its complaint for lack of subject-matter jurisdiction. The Commission sought relief "on behalf of itself and Nicole Stone as an aggrieved party" for the Town of St. Johnsbury Development Review Board's (DRB) alleged discrimination in refusing to grant a zoning variance to accommodate Stone's disability. The Civil Division concluded that it lacked subject-matter jurisdiction because any relief it could grant would require the court to rule that the variance was wrongfully denied, which would constitute an impermissible collateral attack on a final zoning decision in violation of 24 V.S.A. § 4472(d). We conclude that the Commission is not barred by § 4472(d) from bringing a discrimination action under the Vermont Fair Housing

and Public Accommodations Act (VFHPAA) and that the Civil Division otherwise has jurisdiction over this action. Accordingly, we reverse and remand for further proceedings.

## I. Background

¶ 2.    The Commission's complaint alleges the following. Nicole Stone is a person with disabilities who uses a motorized wheelchair for mobility. She resides in St. Johnsbury with her mother and her mother's boyfriend, Johnathan Chase. In the summer of 2020, to enable Stone to meet with her caseworker and others while maintaining social distancing, Chase constructed an outdoor wooden structure on the St. Johnsbury property, accessible from a wheelchair ramp next to the house.

¶ 3.    In October 2020, a neighbor complained to the town zoning administrator about the structure. The zoning administrator met with Chase, informed him that the structure violated the setback requirement in the Town's zoning bylaws, and advised him to seek a variance with the DRB. Chase submitted a request for a variance, and the DRB conducted a public hearing on the request in December 2020, at which Chase appeared and testified. However, the DRB unanimously denied the requested variance, allegedly without discussion of Stone's disability-related needs.[1] While neither Chase nor Stone attempted to appeal the DRB's decision, Stone filed an unfair housing complaint with the Commission in March 2021.

¶ 4.    Following an investigation, the Commission determined that "there were reasonable grounds to believe that the [Town] unlawfully discriminated against Stone on the basis of a disability, in violation of the VFHPAA, 9 V.S.A. § 4500 et seq." The Commission filed a complaint in the civil division in March 2023, alleging that the Town violated 9 V.S.A. § 4503(a)(10) by refusing to grant "reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability equal

---

[1] The DRB's decision is not in the appellate record.

2

opportunity to use and enjoy a dwelling unit." As relief, the Commission sought an order declaring that the Town had violated the VFHPAA, injunctive relief prohibiting the Town from discriminating on the basis of disability in future cases, compensatory and punitive damages for Stone, civil penalties, attorney's fees, and other relief the court deemed proper. See 9 V.S.A. § 4553(a)(6)(A) (setting forth remedies Commission may seek in enforcement actions).

¶ 5. The Town filed a motion to dismiss pursuant to Vermont Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, arguing that "only the Environmental Division may hear a claim that a municipal panel has improperly denied an application for a permit such as a request for a variance." The Civil Division granted the motion and dismissed the complaint for lack of subject-matter jurisdiction. While the court found that it had "exclusive jurisdiction over [VFHPAA] claims," it concluded that "[t]here is no meaningful way for this court to rule on an asserted [VFHPAA] claim focused on the denial of a zoning permit when that denial has become final under 24 V.S.A. § 4472." Citing 24 V.S.A. § 4412(1)(A), which requires municipal panels to ensure that the application of bylaws does not have "the effect of discriminating in the permitting of housing as specified in 9 V.S.A. § 4503," the court noted that "the DRB was empowered to consider the request for accommodation in its own proceeding." The court concluded that because a necessary element in the Commission's case would be "proving that the DRB should have granted the variance," any ruling "would be an indirect collateral attack on the DRB's contrary decision," in violation of 24 V.S.A. § 4472 and this Court's precedents. The Commission appealed.

## II. Standard of Review

¶ 6. We review a dismissal for lack of subject-matter jurisdiction "de novo, with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party." Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245, 30 A.3d 1263. "A court may consider evidence outside the pleadings in resolving a motion to dismiss for

3

lack of subject matter jurisdiction, and we review these factual findings for clear error." Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11, 999 A.2d 677. Where, as here, a 12(b)(1) motion requires an interpretation of statutory language, we review the language de novo. In re Guardianship of C.H., 2018 VT 76, ¶ 6, 208 Vt. 55, 194 A.3d 1174. Our "paramount goal" in construing a statute is to effectuate the intent of the Legislature, and we begin our analysis with "the plain meaning of the statutory language." Id. (quotation omitted).

## III. Discussion

¶ 7.    As an initial matter, we conclude that the Civil Division has jurisdiction over all VFHPAA claims. The Town argues on appeal that the Environmental Division has exclusive jurisdiction over such claims in the context of municipal zoning decisions, but this argument is contrary to the plain language of the statutory scheme. Under 4 V.S.A. § 31(1), the Civil Division has "original and exclusive jurisdiction of all original civil actions, except as otherwise provided" in various sections, including, as relevant here, 4 V.S.A. § 34.[2] Section 34 provides that the Environmental Division has jurisdiction over (1) matters arising under 10 V.S.A. chapters 201 and 220, (2) matters arising under 24 V.S.A. chapter 61, subchapter 12 and chapter 117, and (3) permit revocation under 10 V.S.A. chapter 151. Id. § 34. The Commission's claims here arise under Title 9, not any of the chapters or subchapters enumerated in 4 V.S.A. § 34. Because this is a civil action that does not fall under the jurisdiction of any of the other divisions of the superior court, "original and exclusive jurisdiction" lies with the Civil Division. Id. § 31(1). Indeed, 9 V.S.A. § 4553(a)(6)(B) confirms as much, stating that a fair housing action "may be brought in the Superior Court of the county in which the violation is alleged to have occurred or in Washington

---

[2] The other exceptions to § 31, relating to the jurisdiction of the Criminal Division, the Family Division, the Probate Division, the Judicial Bureau, and the Supreme Court, are not implicated here.

County."[3]  The Commission brought the action in the superior court in Washington County, as authorized.  As the court below recognized, "[t]here also can be no doubt that the Civil Division has exclusive jurisdiction over [VFHPAA] claims."  We therefore reject the Town's argument that exclusive jurisdiction lies in the Environmental Division.

¶ 8.    The more difficult question posed here is the effect of the finality and exclusivity-of-remedy provisions of Title 24 on the court's ability to hear the Commission's VFHPAA claims. As the trial court noted, the Legislature has set out a policy of finality in zoning decisions that our precedents have consistently reinforced.  Under 24 V.S.A. § 4472(a), "the exclusive remedy of an interested person with respect to any decision" by a DRB applying a bylaw is an "appeal to the Environmental Division."  And under § 4472(d), "[u]pon the failure of any interested person to appeal . . . to the Environmental Division . . . all interested persons affected shall be bound by that decision . . . and shall not thereafter contest, either directly or indirectly, the decision."  We have interpreted § 4472 broadly to "prevent any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes."  City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588-89, 762 A.2d 1229, 1230 (2000) (mem.); see, e.g., Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 143, 564 A.2d 1361, 1364 (1989) (prohibiting collateral challenge to final DRB decision "even where the board's ruling is ultra vires" (quotation omitted)).

¶ 9.    On the other hand, the Legislature has set out a countervailing policy through the VFHPAA to protect individuals from discrimination on the basis of disability in housing and public accommodations.  See 9 V.S.A. §§ 4500-4507.  The Commission is empowered to "investigate and enforce complaints" of VFHPAA violations, id. § 4552(b)(1), including the

---

[3]  While the statute does not define "Superior Court," it can only refer to the Civil Division given the nature of the civil enforcement action described and the fact that the Environmental Division is located solely in Chittenden County.

5

refusal "to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling unit." Id. § 4503(a)(10). The Commission can initiate enforcement actions solely in the Civil Division, where it can seek various remedies, including injunctive relief and monetary damages. See id. § 4553(a)(6). We have recognized that the VFHPAA is a remedial statute and "must be liberally construed in order to suppress the evil and advance the remedy intended by the Legislature." Maple Run Unified Sch. Dist. v. Vt. Hum. Rts. Comm'n, 2023 VT 63, ¶ 7, __ Vt. __, 311 A.3d 139 (quotation omitted). Furthermore, we have consistently applied the rule that "[w]hen provisions of statutes are in apparent conflict, we favor the interpretation that harmonizes the conflicting provisions." State Agency of Nat. Res. v. Riendeau, 157 Vt. 615, 620, 603 A.2d 360, 362 (1991).

¶ 10. Reviewing the statutes and applying our canons of construction, we conclude that the finality provisions of 24 V.S.A. § 4472 do not operate to preclude the Commission's enforcement authority under the VFHPAA. Our conclusion rests on two premises. First, the Commission's suit would not necessarily undermine the finality of the DRB's decision because at least some of the Commission's proposed remedies would leave the final DRB decision undisturbed. Ruling otherwise would deprive the Commission of any ability to participate and undermine the multi-layered enforcement authority that the Legislature has created. Second, the Commission is not an "interested person" under the statute and is therefore not bound by the exclusivity-of-remedy provisions of § 4472(d). Because, as concluded above, the Civil Division otherwise has jurisdiction over the Commission's VFHPAA claims, the court erred in granting the motion to dismiss for lack of subject-matter jurisdiction.

### A. Subject-Matter Jurisdiction and Remedies

¶ 11. The trial court concluded that "[t]here is no meaningful way" that it could rule on the Commission's suit because "[n]o matter what relief the [Commission] is seeking here, it is

6

asking the court to rule that the variance should have been granted." But the ultimate question in this suit is not whether the variance should have been granted, but whether the Town engaged in unlawful discrimination. While a conclusion that the variance should have been granted may be a corollary to this question, evaluating the Commission's discrimination claims would not undermine the finality of the DRB decision unless accompanied by an order that the Town permit the variance.

¶ 12. The Commission does not appear to be seeking such an order. Pursuant to its authority under 9 V.S.A. § 4553(a)(6)(A), the Commission requested the following remedies: (1) declaratory relief that the Town's actions violated the VFHPAA; (2) an order that the Town "take appropriate affirmative actions to ensure that the activities complained of above are not engaged in again"; (3) an order that the Town, "its agents, employees, and successors are permanently enjoined from discriminating on the basis of disability" in violation of the VFHPAA; (4) monetary damages for pain and suffering; (5) compensatory and punitive damages; (6) civil penalties; (7) attorney's fees; and (8) other relief deemed proper by the court. On the face of the complaint, then, the Commission is not seeking an order to overturn or prevent the enforcement of the DRB's decision. The Commission's requests for injunctive relief are purely prospective, seeking to prevent the Town from future discrimination based on the Commission's authority to seek "injunctive relief in the public interest." Id. § 4553(a)(6)(A)(i). The remaining remedies are monetary and would not affect the final DRB decision. Because the requested remedies would not disturb the finality of the DRB's decision, the court could grant meaningful relief without any conflict with the finality requirements of Title 24.

¶ 13. Even if the Commission is seeking such an order,[4] it would not prevent the court from exercising subject-matter jurisdiction over the case as a whole. Subject-matter jurisdiction

---

[4] While no such claim is evident in its complaint, the Commission indicated at oral argument before the trial court that it might seek an order permitting Stone to keep the structure.

"refers to a tribunal's power to hear a case," not to "whether the allegations the plaintiff makes entitle him to relief." Morrison v. Nat'l Australia Bank Ltd., 561 U.S. 247, 254 (2010) (quotation omitted). While an order requiring the DRB to issue the variance would not be available, the Commission can still obtain effective relief without disturbing the finality of the DRB's decision, including, at a minimum, civil penalties and injunctive relief in the public interest. See State v. Severance, 150 Vt. 597, 599, 554 A.2d 684, 685 (1988) (distinguishing between remedies available under VFHPAA on behalf of individuals and on behalf of State and reversing dismissal based on conclusion that the State could still obtain injunctive relief on its own behalf even after aggrieved individual's claim became moot). Because at least some of the requested remedies are available and the Civil Division otherwise has jurisdiction over VFHPAA claims, the court has subject-matter jurisdiction in this case.

¶ 14. Ruling otherwise would undermine the system of enforcement that the Legislature has set up in this area. The Legislature has created three separate enforcement mechanisms, distinguished in part based on the types of remedies available. As a first layer, 24 V.S.A. § 4412(1)(A) prohibits bylaws from having the effect of "discriminating in the permitting of housing as specified in 9 V.S.A. § 4503." While this Court has not addressed the question, the Environmental Division has interpreted the statute to provide the Environmental Division with narrow authority to consider the need for "reasonable modifications" in the application of bylaws based on discrimination statutes, but to not permit consideration of claims made under these statutes or associated remedies. See In re Union Bank, No. 299-12-06 Vtec, at 4-6 (Vt. Env't Ct. Dec. 5, 2007) [https://perma.cc/E39R-68EA]. Second, the Legislature has expressly permitted the Attorney General to investigate discrimination claims in this area and to disturb final DRB decisions where necessary. See 24 V.S.A. §§ 4453, 4472(b). In such proceedings, the sole authorized remedy is for the Environmental Division to grant the requested permits. Id. § 4453.

8

Finally, as discussed in more detail above, the Commission is authorized to bring suit in the Civil Division and to seek a variety of remedies, including both injunctive relief and monetary damages.

¶ 15. Ruling that the Civil Division lacks subject matter jurisdiction in this context would thus leave a gap in enforcement of the VFHPAA that is contrary to the Legislature's intent. See Maple Run Unified Sch. Dist., 2023 VT 63, ¶ 13 ("As a remedial statute, the [VFHPAA] must be liberally construed in order to suppress the evil and advance the remedy intended by the Legislature." (quotation and alterations omitted)). The availability of some form of review in the Environmental Division is not sufficient to displace the VFHPAA because the Environmental Division will not consider actual claims under the statute, nor the associated remedies. See Union Bank, No. 299-12-06 Vtec, at 4-6. Similarly, the Attorney General's authority is limited to seeking a reversal of the DRB decision. See 24 V.S.A. § 4453. Only the Commission is empowered to seek broader relief "in the public interest." 9 V.S.A. § 4553(a)(6)(A)(i). Nor could the Commission participate in the DRB or Environmental Division proceedings, since the Commission is solely empowered to bring actions in "the Superior Court of the county in which the violation is alleged to have occurred or in Washington County." Id. § 4553(a)(6)(B). Concluding that the Civil Division lacks jurisdiction here would therefore deprive the Commission of any ability to participate in these types of proceedings and severely limit the available remedies for housing discrimination. We reject this approach and instead conclude that the Civil Division has subject matter jurisdiction over the Commission's claims, including the power to grant at least some of the Commission's requested relief. We stress that our decision on this question does not disturb our prior cases recognizing the finality of DRB decisions under 24 V.S.A. § 4472. We hold merely that § 4472 does not bar the Commission from seeking remedies for discrimination in the Civil Division that do not require reopening a final zoning permit decision.

## B. Interested-Person Status

¶ 16.    Second, the court erred in assuming that the Commission was an interested person to whom § 4472 applies.  The court made no findings as to the Commission's interested-person status, yet it concluded that the Commission was barred from contesting the validity of the DRB's decision under § 4472(d).  However, § 4472(d) applies only to interested persons, so the court's reasoning rests on an implicit assumption that the Commission qualifies.  See 24 V.S.A. § 4472(d) ("Upon the failure of any interested person to appeal to . . . the Environmental Division . . . all interested persons affected shall be bound by that decision . . . and shall not thereafter contest, either directly or indirectly, the decision." (emphasis added)).

¶ 17.    Under the plain language of the statute, the Commission cannot qualify as an interested person.  Section 4465(b) of Title 24 defines interested person as (1) a person owning title to the affected property; (2) the municipality; (3) a person owning or occupying property in the immediate neighborhood of the affected property; (4) a group of any ten persons who reside or own property in the municipality; and (5) any department and administrative subdivision of the State "owning property or any interest in property within a municipality listed in subdivision (2) of this subsection, and the Agency of Commerce and Community Development of this State."  The Commission cannot qualify under any of these definitions; it does not own the affected property or any property in the municipality, it does not reside in the immediate neighborhood of the property, and it is not included in the list of government entities that can otherwise qualify as an interested person.  That the Legislature included the Agency of Commerce and Community Development by name shows that it could have included the Commission if it had intended to do so.  See Mt. Mansfield Television, Inc. v. Farrell, 126 Vt. 103, 105, 223 A.2d 477, 479 (1966) ("[T]he express mention of one thing conveys a contrary purpose as to other related items to which no reference is made.").  The Commission is therefore not an interested person and is not prohibited by § 4472 from contesting the validity of a final permit decision.

¶ 18. The Town does not argue that the Commission is an interested person, but instead contends that the Commission failed to raise any argument as to its interested-person status below and that any argument to this effect is therefore unpreserved for appeal. However, because we are remanding the case for further proceedings, it would be incongruous to allow the court's implicit finding that the Commission is an interested person to stand. We therefore "exercise our discretion to decide the matter in the interests of judicial economy." State v. Wesco, Inc., 2006 VT 93, ¶ 7 n.2, 180 Vt. 345, 911 A.2d 281; see also Miller-Jenkins v. Miller-Jenkins, 2006 VT 78, ¶ 33, 180 Vt. 441, 912 A.2d 951 (exercising discretion to reach unpreserved issue "because it involves a pure question of law . . . and further involves a matter of public interest").

¶ 19. The Town and the Commission also debate in their briefs whether Stone qualifies as an interested person. While this question could potentially impact the availability of certain remedies, it is not outcome determinative because the Commission itself is not an interested person and does not represent Stone in these proceedings. See 9 V.S.A. § 4554(g) ("The Commission shall not represent the charging party."). Because this issue was not raised or decided below, we leave it for the trial court to assess these arguments and their significance if raised on remand.

¶ 20. Similarly, the Town's argument that the Commission is barred from bringing its discrimination claim by issue preclusion was neither raised nor decided below and we decline to decide it for the first time on appeal. "To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." State v. Ben-Mont Corp., 163 Vt. 53, 61, 652 A.2d 1004, 1009 (1994). "The very purpose of the preservation rule is to ensure that the original forum is given an opportunity to rule on an issue prior to our review." In re White 172 Vt. 335, 343, 779 A.2d 1264, 1270-71 (2001). The Town never mentioned issue preclusion in its initial motion to dismiss, and the court did not address it. Moreover, doing so in the context of a Rule 12(b)(1) motion would have been improper. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) ("Preclusion, of

11

course, is not a jurisdictional matter."); 5B C. Wright et al., Federal Practice and Procedure § 1350 (4th ed. 2024) ("[T]he better view is that such dismissals [for issue or claim preclusion] should occur pursuant to Rule 12(b)(6) for failure to state a claim.").

## IV. Conclusion

¶ 21. For the reasons discussed above, we conclude that the Civil Division has subject matter jurisdiction over the Commission's VFHPAA claims and that the court erred in granting the Town's Rule 12(b)(1) motion. While the Commission's discrimination claims might require factual determinations that contradict the DRB's conclusions, the requested remedies do not require disturbing the finality of that decision. Furthermore, because the Commission is not an interested person under 24 V.S.A. § 4465, it is not bound by the exclusivity-of-remedy provisions of § 4472. We therefore remand for the trial court to conduct further proceedings as necessary.

Reversed and remanded.

FOR THE COURT:

_____
Chief Justice