Filed 01/08/26

| | | |
|---|---|---|
| **VERMONT SUPERIOR COURT**<br>Washington Unit<br>65 State Street<br>Montpelier VT 05602<br>802-828-2091<br>www.vermontjudiciary.org |  | CIVIL DIVISION<br>Case No. 25-CV-01954 |

<div style="border:1px solid black">

**Robert Lafayette v. Chris Winters et al**

</div>

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss THE AMENDED COMPLAINT (Motion: 9)
Filer:       David R. Groff
Filed Date:  October 09, 2025

The motion is GRANTED.

The present matter concerns the ability of an individual currently listed on the Child Protection Registry to challenge this listing outside of the statutorily provided hearing and appeal process before the Department of Children and Families and the independent Human Services Board. For the reasons stated below, the Court finds that it lacks the subject matter jurisdiction to review the Commissioner's final decision, and that Plaintiff Robert Lafayette's remedy lies within the statutory appellate framework created by the General Assembly and not Rule 75.[1]

**Background Facts**

### I.   *The Child Protection Registry*

Plaintiff is currently listed on the Child Protection Registry. This registry is maintained by the Commissioner of the Department of Children and Families and is a "record of all investigations that have resulted in a substantiated report" of individuals alleged to have abused or neglected a child. 33 V.S.A. § 4916(a). The entries list "the name of an individual whose conduct is substantiated for child abuse or neglect, the date of the finding, the nature of the finding, and at least one other personal identifier, other than a name, listed in order to avoid the

---

[1] Mr. Lafayette moved to amend his complaint after the Court directed him to correct his prior filings that contained multiple A.I. hallucinations. While this was not responsive to the Court's Order, the Court will, nevertheless accept and grant Mr. Lafayette's motion to amend as a preliminary matter. V.R.C.P. 15(a). Notwithstanding this approval, the Department's Motion to Dismiss addresses the substance of both the original and the amended complaints, and because of its dispositive nature, the Court will evaluate this motion in light of both complaints to determine whether Plaintiff has a claim over which this Court has subject-matter jurisdiction and can award relief. See *Vermont Human Rights Commission v. Town of St. Johnsbury*, 2024 VT 71, ¶ 6 (noting that the Court reviews such motions with all factual allegation of the complaint construed as true and in a light most favorable to the non-moving party).

possibility of misidentification." Id. at (b). The statute requires the Commissioner to adopt rules regarding the use and keeping of the registry including: "the length of time a person's name appears on the Registry prior to seeking expungement" and "when and how names are expunged from the registry . . . ." Id. at (e).

Pursuant to these rules, an individual may petition the Commissioner for expungement from the Registry.[2] 33 V.S.A. § 4916c. The petitioner bears the burden of proof on such an application, and the Commissioner is obligated to consider the petition in light of several factors. Id. at (b)(2) (listing six factors). The Petitioner shall be given a hearing and may present evidence and testimony. Id. at (c). At the end, the Commissioner must make findings and a decision, which, if it includes a denial, "shall contain information about how to prepare for future expungement requests." Id. at (b)(3). If the Petitioner is disputes the Commissioner's decision, then they may, within 30 days of the decision, appeal to the Human Services Board. Id. at (e); see also 3 V.S.A. § 3090 (establishing the Human Services Board as an independent quasi-adjudicative body within the Agency of Human Services). A decision from the Human Services Board may be appealed to the Vermont Supreme Court. 3 V.S.A. § 3091(f). The Vermont Supreme Court recently affirmed that this statutory scheme provides adequate due process protections to those accused of abuse or neglect. See *Lowell v. Dep't for Child. & Fams.*, 2024 VT 46, ¶¶ 34-37, 325 A.3d 42, *cert. denied sub nom. Healey v. Vermont Dep't for Child. & Fams.*, 145 S. Ct. 1433 (2025).

## II. *Mr. Lafayette's May 2025 Petition for Expungement*

Plaintiff filed a petition to be expunged from the Registry in October 2024. Following a May 1, 2025 review hearing, the Commissioner's designees, Jospeh Winn, the Registry Reviewer, and Catherine Clark, Director of the Commissioner's Registry Review Unit, denied Mr. Lafayette's petition in a decision dated May 19, 2025. The decision provides a summary of the underlying incident for which Mr. Lafayette was placed on the Registry. It reviews the

---

[2] This process is distinct from the initial issue of substantiation that arises when a person is first put onto the Registry. A challenge to this determination is governed by the provisions of Section 3916 and the appellate process laid out in 33 V.S.A. § 3916b. In this case, the only matter being challenged is the most recent expungement process as Mr. Lafayette was substantiated and placed onto the Registry in 2003 and any right to challenge that determination has long since expired. 33 V.S.A. § 4916b (a) (establishing a 30-day time frame for substantiation appeals); V.R.C.P. 75 (allocating a similar 30-day window to challenge an administrative process); see also 12 V.S.A. § 511 (establishing a 6-year statute of limitation for civil claims).

documents that the Designees considered and provides an analysis and determination. The letter ends with a notice that Mr. Lafayette could appeal the decision to the Human Services Board and notice that he could re-apply for a new expungement petition in October 2027, consistent with 33 V.S.A. § 4916c (d). Mr. Lafayette did not appeal this decision to the Human Services Board.

### III. *The Present Lawsuit*

Eleven days before the Commissioner issued a decision, Mr. Lafayette filed the present action on May 8, 2025 by a complaint seeking Rule 75 relief from continued placement on the Registry; a declaratory judgment to remove him from the Registry; and injunctive relief for immediate removal. The Court denied Mr. Lafayette's motion for *ex parte* injunctive relief on May 9, 2025. Following a June 9, 2025 status conference, the Court gave the Commissioner an opportunity to respond to Mr. Lafayette's complaint and motion for preliminary injunctive relief. The Commissioner responded by filing a Motion to Dismiss the entire complaint, premised primarily on Mr. Lafayette's failure to exhaust his administrative remedies, but also addressing Plaintiff's substantive legal claims. Mr. Lafayette responded to this motion with a brief that the Court found to be riddled with fictious, A.I.-generated case cites and legal propositions.[3] At the September 11, 2025 hearing on the pending motions, the Court ruled that it would not consider Mr. Layfette's briefs due to the multitude of false citations, and the Court gave Mr. Lafayette 15 days to file corrected versions. Mr. Lafayette elected not to file corrected briefs but chose to file the present amended complaint. As such, the Court will not consider Mr. Lafayette's prior briefings in the present decision as they have been struck by the Court due to the false citations. V.R.C.P. 11(b); see *LaRoche v. Sterett*, 2025WL3174940, at *2 (Nov. 13, 2025) (concluding that the inclusion of A.I. hallucinated citations in a brief violated Rule 11(b)(2) and was subject to sanctions).

---

[3] By way of example, Mr. Lafayette cites to the following cases in his initial opposition brief; *In re Grievance of Bunk*, 2007 VT 41, ¶¶ 10–30 and *Vermont Nat. Tel. Co. v. Dept. of Taxes*, 2021 VT 84, ¶ 30. Neither of these cases exist. The case cites refer to different cases that have no relevance to the present matter. Mr. Lafayette also cites to three real cases with slightly incorrect captions—*George v. Vermont League of Cities and Towns*, 2010 VT 1 ¶ 18 (actual caption: *Estate of George v. Vermont League of Cities and Towns*); *Killington, Ltd. v. State*, 172 Vt. 182, 194 (2001) (actual caption: *Town of Killington v. State*); and *Vt. State Colleges Faculty Fed'n v. Vt. State Colleges*, 172 Vt. 76, 81 (2001) (actual caption: *Sarvis v. Vermont State Colleges*)—but for propositions and quotations that are nowhere to be found in these decisions. At the September 11th hearing, Mr. Lafayette admitted to using an A.I. program to generate these briefs and blamed the software for the fabrications.

IV. *The Amended Complaint*

In his amended complaint, Plaintiff seeks review under V.R.C.P. 75 of the Commissioner's determination based on the following allegations: (1) Excessive Delay in Scheduling Review; (2) Procedural Irregularities During the Hearing; and (3) Content and Tone of the Final Decision.  In his complaint, Plaintiff alleges that the Commissioner and the hearing officer were impermissibly tainted by animus against Plaintiff and Plaintiff's domestic partner to an extent that calls the entire process and determination into question.  Plaintiff seeks a remand to the Commissioner for a new hearing and for new process with guidance from this Court.

**Standard for a Motion to Dismiss**

Dismissal for lack of subject-matter jurisdiction is appropriate where "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Murray v. City of Burlington*, 2015 VT 11, ¶ 2.  The Court must assume that all factual allegations contained in the complaint are true.  *Wool v. Office of Professional Regulation*, 2020 VT 44, ¶ 8.  "A trial court lacks subject matter jurisdiction to hear a case if a party fails to exhaust administrative remedies." *Pratt v. Pallito*, 2017 VT 22, ¶ 15.  A challenge to such an alleged failure to exhaust is construed as a motion to dismiss for lack of subject-matter jurisdiction. *Mullinnex v. Menard*, 2020 VT 33, ¶ 8.  Once established that a party has not exhausted their administrative remedies and process, then the burden shifts to that party to establish why their case fits within an exemption to this general rule.  Id. at ¶ 14.

**Legal Analysis**

As the history of this matter demonstrates, Plaintiff's primary remedy and review for any issue with the Commissioner's May 2025 determination lay with an appeal to the Human Services Board.  33 V.S.A. § 4916c.  The Vermont Supreme Court has long held that a party is obligated to exhaust their administrative procedures and remedies before seeking relief in the trial courts under Rule 75. *Luck Bros. v. Agency of Transp.*, 2014 VT 59, ¶¶ 19–20.  "This long-settled rule of judicial administration serves the dual purposes of protecting the authority of the administrative agency and promoting judicial efficiency."  Id. at ¶ 20 (quoting *Jordan v. State Agency of Transp.*, 166 Vt. 509, 512 (1997)).  This doctrine applies even if the party is asserting constitutional challenges to administrative proceedings. *Luck Bros.*, 2014 VT 59, at ¶ 21.

In this case, it is particularly relevant that the Court consider the legislative intent and capacity of the Human Services Board to have heard the issues raised by Plaintiff. Section 4916c gives sole appellate authority to the Human Services Board for any challenge to the Commissioner's determination regarding expungement. 33 V.S.A. § 4916c. The Human Services Board, while an administrative board is an independent body[4] and regularly makes legal determinations, which can, in turn, be reviewed by the Vermont Supreme Court. See, e.g., *In re M.R.*, 2025 VT 6, ¶¶ 13–16 (reviewing due process arguments from a Section 4916b appeal from the Human Services Board); *In re Landry*, 2015 VT 6, ¶ 13 (reviewing a Human Services Board's determination of sufficiency of due process rights); see also *Swan v. Stoneman*, 635 F.2d 97, 104 (2d Cir. 1980) ("Thus while a federal court is arguably a better forum than an administrative agency for resolution of constitutional claims, we cannot say that the [Vermont Human Services] Board would decline, or lack power, to hear a constitutional challenge.") (internal citations omitted). Therefore, the Court's intervention would effectively create a new appellate and review right where the legislature had not given one, and it would allow Plaintiff to bypass a board that is capable of making the type of review that he now seeks. This is precisely the type of administrative exhaustion that the Vermont Supreme Court has long required as a prerequisite to a trial court asserting jurisdiction over an administrative matter. *Luck Bros.*, 2014 VT 59, at ¶¶ 19–21; see also *Alexander v. Town of Barton*, 152 Vt. 148, 151, 565 A.2d 1294, 1296 (1989) (while administrative agencies cannot rule on constitutionality of legislation, they can adjudicate constitutional questions in determining validity of statutorily delegated agency practices).

The Court further finds that Rule 75 jurisdiction in this case is, at best, limited. As the Vermont Supreme Court has noted, Rule 75 is the "modern equivalent of extraordinary relief, such as certiorari." *Garbitelli v. Town of Brookfield*, 2011 VT 122, ¶ 6 (quoting *In re Town of Bennington*, 161 Vt. 573, 573–74 (1993) ( mem.)). It is limited to questions of law and exclusive vehicles to challenge certain governmental action or inaction. *Garbitelli*, 2011 VT 122, at ¶¶ 5, 6. It is in many ways an appeal of last resort and limited on what relief it can provide. Given the availability of a meaningful administrative remedy that is further backed up by the ability of the Vermont Supreme Court to review, any right to Rule 75 relief in this case must take into account

---

[4] Under 3 V.S.A. § 3090(a), members of the Board are appointed by the Governor with advice and consent of the Senate for a term of six-years.

the exhaustion of administrative process doctrine as a limit on this Court's jurisdiction and any reading of jurisdictional authority. Such an interpretation is consistent with not only the plain language of 33 V.S.A. § 4916c and Rule 75, but the extensive case law cited by the Department in its Motion.

In response to the State's motion, Plaintiff raises four arguments. He contends that (1) the State has not produced an audio recording or transcript of the May 1st hearing; (2) the May 1st hearing summary does not reflect what occurred at the hearing; (3) the Court is being asked to defer to an unverifiable summary; and (4) that the administrative process cannot be deemed "exhausted" when no record exists. These arguments misperceive the State's position as well as the issue of whether Plaintiff has exhausted his administrative process and remedies. The Question before the Court at this stage is not whether Plaintiff has a legitimate issue with the actions of the Commissioner or the process that the Commissioner followed in the hearing. The Court understands these factual issues to be disputed. Instead, the purpose of the present review of the Department's Motion to Dismiss is to determine if the Court has the subject matter jurisdiction to even hear Plaintiff's claims.

In this case, Plaintiff has alleged bias and impropriety in the Commissioner's decision and the hearing process. He has alleged that there was an improper delay of 6 months between his filing for expungement and the Commissioner's hearing and decision. He contends that the hearing process was improperly conducted, that the Commissioner's designee raised improper considerations about Plaintiff's domestic partner. Finally, he contends that the entire process was so tainted as to require a remand to the Commissioner with directions on how to conduct the process properly. The problem for Plaintiff is that all of these issues, even if understood to be broader constitutional challenges, could have raised to the Human Services Board. They are precisely the type of issue, which the Board has and can consider, and nothing in Plaintiff's filings indicate that the issues lie outside the Board's authority.

The question before this Court, and the central question to the present motion is whether, in light of the exhaustion doctrine, this Court has the authority to conduct such a review of these issues when Plaintiff has elected not to appeal to the Human Services Board but bring the matter to this Court pursuant to Rule 75. The inexorable conclusion is that Plaintiff failed to exhaust his administrative remedies. Plaintiff elected not to appeal, as directed by the legislature, under 33

V.S.A. § 4916c. As such, he is in violation of the administrative exhaustion rule. *Mullinnex*, 2020 VT 33, at ¶ 14.

It is Plaintiff's burden to establish why his action would be exempt from this rule. Id. To date, none of Plaintiff's pleadings or filing demonstrate why his case would fit within such an exemption. The argument that he seeks to challenge the expungement process and its constitutionality does not exempt him from pursuing such an appeal through the Human Services Board, and in fact, there is no evidence that the Board could not consider such issues under its appellate purview. It is further undisputed that even when the Board does not, the Vermont Supreme Court which sits in review of the Board, can and will make such determinations.

Based on these limitations, the Court finds no authority to assert Rule 75 authority over the Commissioner's administrative determinations. Plaintiff's remedies were an appeal to the Human Services Board, and Plaintiff may not shop for a new forum.

## **ORDER**

Based on the foregoing, the Department's Motion to Dismiss is **Granted.** The present action is **Dismissed** pursuant to V.R.C.P. 12(b)(1) for lack of subject-matter jurisdiction.

Electronically signed on 1/7/2026 5:24 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge